■ JACK E. TIMMINS, Respondent, v JOSEPHINE B. TIMMINS, Appellant. —Judgment unanimously affirmed, without costs. Memorandum: In this appeal from a judgment granting plaintiff husband a divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law, the question presented is whether there was substantial compliance with the terms of the separation agreement between the parties. The fact that the husband, on occasion, fell in arrears on payments due under the separation agreement does not mean that he failed to substantially comply with its terms *(Rubin v Rubin,* 35 AD2d 460). Nor does the fact that he sought court approval of a reduction in payments required during periods of financial difficulty. It should be noted that the terms of the separation agreement required defendant wife to effect sale of certain jointly owned real property and to divide the proceeds but that she failed to do so. The record shows that his marriage is no longer viable. It is in the best interests of society that the parties to a dead marriage be able to extricate themselves from a perpetual state of marital limbo *(Gleason v Gleason,* 26 NY2d 28). (Appeal from part of judgment of Onondaga Supreme Court in divorce action.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.

■ In the Matter of ALEXANDER DIEGELMAN et al., Doing Business as AL & MYRT'S LOUNGE, Appellants, v STATE OF NEW YORK LIQUOR AUTHORITY, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Petitioners seek in an article 78 proceeding to annul the respondent's, New York State Liquor Authority, determination to cancel their special on-premises liquor license. There is substantial evidence, considering the record as a whole, to support a determination that petitioner Diegelman, who had an adverse license history, was in unlawful criminal possession of an unloaded weapon. We do not find that the penalty of cancellation for such "improper conduct" (9 NYCRR 53.1[n]) to be arbitrary, capricious or an abuse of discretion "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" (see *Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222, 233). (Appeal from judgment of Erie Supreme Court in article 78 proceeding.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.