■ ROBERT F. PIERCE, Appellant, v EDNA B. PIERCE, Respondent.—In an action for divorce, the plaintiff husband appeals from a judgment of the Supreme Court, Westchester County, dated March 10, 1975, in favor of defendant, upon the trial court's dismissal of the complaint at the close of his case, at a nonjury trial. Judgment reversed, on the law, without costs, and new trial granted. No fact questions were presented on this appeal. It is undisputed that the parties resided in Pound Ridge, Westchester County, for many years as man and wife. In June, 1967 a judgment of separation between the parties was entered in the Supreme Court, Westchester County. That judgment directed plaintiff to pay a certain sum for the support of defendant and their infant son. There was proof adduced that, at one time in 1967, plaintiff fell into arrears in the payment of that support and had been held in contempt. He purged himself of the contempt by the payment of the arrears in 1968 and, from then until the date of trial, plaintiff has been current in the payment of support, with the exception of a few occasions when he was unavoidably late in his payments, largely because he was working out-of-town. There is no claim that any other part of the judgment of separation was not fulfilled. Plaintiff continued to live in Pound Ridge until May 7, 1974, when he sold his home there, purchased a truck and went into the business of hauling goods. He maintained no permanent residence and, as a practical matter, lived on the road, maintaining a post office box in Pound Ridge. He commenced this action on June 8, 1974. Special Term dismissed the complaint (1) for lack of jurisdiction, concluding that plaintiff had failed to show bona fide residence in this State as required by statute, and (2) for the reason that plaintiff had not complied with the judgment of separation—in that it had become necessary to bring proceedings against him and hold him in contempt—before arrears in support payments were paid. Subdivision 2 of section 230 of the Domestic Relations

Law requires that the "parties have resided in this state as husband and wife and either party is a resident thereof when the action is commenced and has been a resident *for a continuous period of one year immediately preceding"* (emphasis supplied). Here, the only contention raised by defendant with respect to residence is that it was not shown that the statute was complied with, since plaintiff had sold his home in Pound Ridge about a month before he brought this action. The "term 'residence', as used in the various provisions of the Domestic Relations Law relating to residence requirements relative to maintenance of actions for divorce has been construed to be synonymous with the term 'domicile' " *(Usher v Usher,* 41 AD2d 368, 370). It is undisputed in this case that plaintiff was domiciled in Pound Ridge for many years until he sold his house in May, 1974. In the ensuing month until the commencement of this action he maintained no permanent residence—living as a transient while working as a trucker. However, there is no indication of any intention by plaintiff to become domiciled in a place outside of New York; indeed, the evidence in fact points to the contrary. Accordingly, we conclude that Special Term erred in its dismissal of the complaint upon the ground of nonresidence in this State. Special Term also concluded that the complaint should be dismissed because of plaintiff's noncompliance with the terms and conditions of the decree of separation. Suffice it to say that the 1967 default was corrected in 1968 and that since that time, except as noted, plaintiff has complied with the terms of the decree. Absolute performance of the separation decree is not the required predicate to bringing an action for divorce pursuant to subdivision (5) of section 170 of the Domestic Relations Law; "substantial" performance is all that is statutorily required, and that criterion has been satisfied (see *Rubin v Rubin,* 35 AD2d 460; *Van Vort v Van Vort,* 62 Misc 2d 981; see, also, 1 Foster-Freed, Law and the Family [rev ed], § 6:31, pp 332–333). Hopkins, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.