ELI BERMAN, Appellant-Respondent, v SHEVA BERMAN, Respondent-Appellant.

First Department, February 14, 1980

426

## APPEARANCES OF COUNSEL

*J. Anthony Burton* of counsel *(Bobrow Greenapple Burton Distler & Midler,* attorneys), for appellant-respondent.

*Roy M. Cohn* of counsel *(Howard F. Husum* with him on the briefs; *Saxe, Bacon & Bolan, P. C.,* attorneys), for respondent-appellant.

## OPINION OF THE COURT

FEIN, J. P.

The parties separated in 1975, pursuant to agreement, after 30 years of marriage. They have lived separate and apart since then. Plaintiff husband appeals from denial of summary judgment converting the separation agreement to a divorce under subdivision (6) of section 170 of the Domestic Relations Law. Defendant wife cross-appeals from denial of her motion to renew argument on the granting of plaintiff's motion to dismiss her counterclaim which sought to set aside the separation agreement as inequitable and fraudulently induced.

We are all agreed that the cross appeal lacks merit. Defendant was represented by competent counsel during the extended negotiations leading up to execution of the lengthy separation agreement. Moreover, the very subject matter of the cross appeal has already been litigated in plaintiff's favor in collateral proceedings, and thus is inappropriate for consideration here.

The issue which divides the court is whether the husband has substantially complied with the terms of the separation agreement, so as to warrant summary conversion to a divorce. The separation agreement called for monetary support of defendant and the two children of the marriage in the form of alimony and child support, plus the major portion of expenses of continuing psychiatric treatment of one of the children, the

major portion of the other child's orthodontia and related dental expenses, and all college tuition and related expenses for the children.

The alimony and child support were to be based on a percentage of plaintiff's annual income. Defendant maintains plaintiff has so disguised his real income as to deny her rightful entitlement under the separation agreement formula for alimony and child support. In addition, defendant alleges plaintiff has refused to meet his other financial obligations under the agreement with regard to college expenses and dental bills, as well as failing to continue payment for major medical insurance coverage, life insurance, and various other bills and expenses as promised. As a result, defendant maintains she has been short-changed some $92,000 which, she now asserts, amounts to substantial noncompliance with the "heart and essence" of the separation agreement.

Nowhere in his affidavit in reply to defendant's opposition to the motion for summary judgment did plaintiff dispute the factual allegations of breach of the financial conditions of the agreement. Rather, plaintiff emphasized, as he does on this appeal, that there has been compliance with what he regards as the only important condition of the agreement, as far as conversion divorce is concerned, separation for more than one year.

The dissent cites *Christian v Christian* (42 NY2d 63) which gives primacy to the requirement of separation in qualifying for a conversion divorce. Indeed, that case does stand for the proposition that public policy will encourage the dissolution of stale marriages. However, the statute clearly requires "substantial compliance" with all of the terms and conditions of the agreement in order to obtain conversion. *Christian* effects no alteration of that requirement. The *Christian* court plainly acknowledged the need to prove "substantial compliance", something more than mere living separate and apart. "Once there has been a separation for one or more years (L 1970, ch 835, § 2) supported by the prescribed separation agreement with which there has been substantial compliance, the statute suggests no condition or restriction on the right of either party to commence the action". *(Christian v Christian, supra,* p 69.) In *Christian,* unlike our case, there was no issue of substantial compliance. No alimony was involved and, so far as appears, child support was being provided. The sole issue was whether the property division provisions had been fraudu-

lently induced and were thus null and void, and if so, whether such invalidity infected the entire agreement. The case does not pass on "substantial compliance" and its meaning and effect.

■ The mere allegation and proof that parties have been living separate and apart for more than one year after entering into a separation agreement does not automatically entitle one party, who has not otherwise substantially complied with the terms and conditions of the agreement, to a conversion divorce (Milteer v Milteer, 43 AD2d 741). The undenied allegations of defendant here go not to mere insignificant provisions of the separation agreement, or occasional arrears in payments due (see Pierce v Pierce, 50 AD2d 867; Timmins v Timmins, 50 AD2d 720, mot for lv to app den 38 NY2d 708); rather, they are aimed at substantial noncompliance and nonperformance of major mandatory decretal duties imposed upon plaintiff as conditions of the separation (Failla v Failla, 81 Misc 2d 959). It is with these major provisions, such as alimony and child support, that the statute requires substantial compliance for at least one year (Roth v Roth, 74 Misc 2d 135; cf. Pierce v Pierce, supra; Rubin v Rubin, 35 AD2d 460).

The separation agreement here contained a severability clause, which the Court of Appeals specifically approved of in Christian. But by the terms of this clause, as in Christian, severability applied only to such "provision[s] of this agreement * * * held to be invalid or unenforceable". Such is not the case here. We are faced not with a situation of invalid or unenforceable provisions, but rather with unperformed terms and conditions whose validity has never been challenged by plaintiff. Indeed, the agreement also contained a paragraph specifically acknowledging the obligatory nature of all "covenants, stipulations, promises, agreements and provisions" therein, waiver of modification of which may only be effected by a writing formally executed by both parties. Plaintiff has not claimed otherwise. To interpret Christian as permitting a conversion divorce based solely on separation, while ignoring and severing allegations of noncompliance with major financial terms and conditions of the agreement, would be serious erosion of the legislative purpose.

Section 170 of the Domestic Relations Law provides: "An action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage on any of the following grounds: * * * (6) The

husband and wife have lived separate and apart pursuant to a written agreement of separation, subscribed by the parties thereto and acknowledged or proved in the form required to entitle a deed to be recorded, for a period of one or more years after the execution of such agreement and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such agreement."

The inclusion of the term "substantially performed" in the statute had a manifest purpose to insure that the essentials of the agreement were complied with. "Substantially" plainly intends to avoid the need to prove literal compliance. However, the major undertakings inherent in the agreement, the obligation to pay alimony and child support, are manifestly terms and conditions which are the very foundation of the agreement. If the Legislature intended mere living apart as sufficient, it could have said so. The obligation to comply with the support provisions, the essentials of the agreement, must be met in order to utilize the agreement as a basis for judicial relief. A party who disregards the essence of an agreement and his obligations under it should not be permitted to use the agreement to obtain affirmative judicial relief against the other party.

The order of Supreme Court, New York County (BLYN, J.), entered August 31, 1979, insofar as it denied plaintiff's motion for summary conversion of the separation agreement to a divorce under subdivision (6) of section 170 of the Domestic Relations Law, and denied defendant's motion to renew her argument on the granting of plaintiff's motion to dismiss her counterclaim seeking to set aside the separation agreement as inequitable and fraudulently induced, should be affirmed in all respects, without costs.

SILVERMAN, J. (dissenting in part). I would grant plaintiff's motion for summary judgment for a conversion divorce under subdivision (6) of section 170 of the Domestic Relations Law, based upon the separation agreement executed more than a year earlier.

Under *Christian v Christian* (42 NY2d 63) the separation agreement is complied with for the purpose of conversion divorce if the parties have in fact lived separate and apart pursuant thereto. The Court of Appeals said:

"It was the legislative intent to provide these nonfault

grounds for divorce where marriages are dead, based on a recognition that it was morally and socially desirable, to society and to the parties to such a union, to enable them ' "to extricate themselves from a perpetual state of marital limbo" ' *(Gleason v Gleason,* 26 NY2d 28, 35, 37. The 'vital and operative' fact, in subdivision (6) divorce cases, is the actual living apart of the parties—pursuant to the separation agreement (cf. *id.,* p 37). Put a bit differently, the function of the document is 'merely to authenticate the fact of separation' (cf. *id.,* p 37)." *(Christian v Christian, supra,* p 69.)

"Therefore, if the separation agreement conforms to the statute but is otherwise found to be void and unenforceable insofar as its substantial provisions are concerned, generally it may still be accepted for the sole purpose of evidencing the parties' agreement to live separate and apart, thus satisfying the statutory requirement in respect to a separation agreement" *(supra,* p 70).

In the *Christian* case *(supra,* p 71), although there were questions as to the enforceability and validity of various parts of the separation agreement as to which the court sent the case back for further proceedings, the Court of Appeals sustained the Appellate Division's grant of a conversion divorce.

Here there is no question that the parties have lived separate and apart for more than a year pursuant to the separation agreement. They are thus entitled to a divorce.

BLOOM, ROSS and YESAWICH, JJ., concur with FEIN, J. P.; SILVERMAN, J., dissents in part in an opinion.

Order, Supreme Court, New York County, entered on August 31, 1979, affirmed in all respects, without costs and without disbursements.