Meyer, J.
(dissenting). Because in my view the majority misconceives the meaning and purpose of the words “substantially performed” as used in subdivision (6) of section 170 of the Domestic Relations Law and misapplies the rules governing summary judgment, I respectfully dissent.
The legislative policy not to continue so-called “dead marriages” having been conditioned by the requirement; that “satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such agreement”, summary judgment awarding a conversion divorce is impermissible unless plaintiff’s moving papers show by satisfactory proof that the predicate separation agreement has been substantially performed and defendant’s papers raise no triable issue concerning such performance. Here that cannot be said.
Much of defendant wife’s affidavit is irrelevant because it relates to matters not included in the agreement. So, however, is much of the Appellate Division’s reasoning, which relied heavily on the fact that defendant made no claim of noncompliance for two years and was apparently motivated by a desire to obtain economic adjustments. While either factor may go to defendant’s credibility, it is not the court’s function on a motion for summary judgment to assess credibility.
What is relevant is the obligations undertaken by plaintiff in the separation agreement, whether he has submitted satisfactory proof of substantial performance and whether defendant has presented countervailing proof raising an issue of fact. The obligations undertaken by plaintiff concern support for the son of the parties, the filing of joint tax returns “when practicable”, the right of defendant to first refusal if the marital residence were sold by plaintiff, and the maintenance of hospitalization insurance for defendant and the children.
The Appellate Division held that no issue of fact as to substantial compliance was shown because the' joint tax return obligation was only “when practicable”, the son had resided with and been supported by plaintiff until February, 1979, and evidence of medical insurance coverage had *729 been produced. It made no mention of the first refusal option.
The evidence of insurance coverage was not in affidavit form, but was otherwise satisfactory and for purposes of the present appeal its irregularity in form can be overlooked. As to the tax return, defendant wife says plaintiff refused to file jointly or even to consider whether joint filing would be practical. Plaintiff responds that defendant never asked him to file a joint return and that her accountant told him that she would be better off filing separately. That exchange raises issues of fact concerning whether defendant asked, whether plaintiff refused and whether joint filing was practicable in any year when joint returns were not filed. It is not proof of substantial performance, however, for plaintiff’s response is one of confession and avoidance.
As to support of the son, the husband produced an affidavit of the son stating that he resided with his father until February, 1979. That, however, does not answer defendant’s claim that plaintiff has failed to support the son since February, 1979. While that date is after the date of the complaint, that fact alone does not necessarily exclude it from consideration in determining substantial performance, which speaks to the date the decree is awarded rather than the date the action is begun.
Concerning the first refusal option, defendant says flatly it was not honored. Plaintiff says that allegation is false and that in any event defendant has not shown that she could have purchased. The latter point is irrelevant, the issue being substantial performance by plaintiff. Nor do the cases cited by plaintiff sustain his argument that denial of a right of first refusal is not a failure substantially to perform. Sylofski v Sylofski (49 AD2d 971) was an action to set aside a separation agreement, not for a conversion divorce, and the memorandum decision shows that the property in question had never been sold. In Timmins v Timmins (50 AD2d 720) the court in upholding a judgment after trial awarding the plaintiff husband a conversion divorce called attention, in measuring whether he had substantially performed, to the fact that the defendant wife had failed *730 to honor her agreement to sell certain real property and divide the proceeds with her husband.
There are, thus, issues of fact with respect to the filing of joint returns, whether plaintiff has contributed to the support of the son since the son returned to live with his mother, and whether plaintiff honored his obligation to give defendant first refusal before selling the marital residence. Whether any one of those deviations would by itself bar a conversion divorce is immaterial, for until those factual issues have been determined it cannot be said that plaintiff has proved his substantial performance of “all the terms and conditions of” the agreement.
The order of the Appellate Division, should, therefore, be reversed and plaintiff’s motion for summary judgment should be denied.
Order affirmed, etc.