ANTHONY L. SANTORA, Appellant, v NANCY A. SANTORA, Respondent. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered December 8, 1981 in Rensselaer County, which denied plaintiff's motion for summary judgment. The parties to this action were married in

1961. They executed an agreement of separation on June 19, 1980. Thereafter, plaintiff commenced this action for divorce, predicated upon a one-year separation under the agreement (Domestic Relations Law, § 170, subd [6]). After issue was joined, he moved for summary judgment and now appeals from Special Term's denial thereof. Defendant's answer sets up three defenses, namely, (1) that plaintiff failed substantially to comply with the terms of the agreement as required when the separation agreement ground for divorce under section 170 of the Domestic Relations Law is invoked, (2) that the separation agreement is void for fraud and duress, and (3) that a divorce action previously commenced is still pending. As to the second of these defenses, plaintiff submitted evidentiary proof, in admissible form, that defendant was independently represented by counsel and that there was full and complete financial disclosure at the time the parties entered into the separation agreement. Defendant expressly acknowledged as much, and that there was no fraud or duress, in the separation agreement itself. Nowhere in her answering affidavit does she contradict the foregoing averments, nor expand in any way upon the conclusory allegations contained in her answer. As such, despite the stricter scrutiny to which separation agreements are subjected, she failed to raise a triable issue to defeat summary judgment (see *McGahee v Kennedy,* 48 NY2d 832; see, also, *Zuckerman v City of New York,* 49 NY2d 557). Moreover, the agreement is divisible by its own terms, and defendant's allegations would, therefore, not require invalidation of the entire agreement. Hence, any invalidity of a portion of the agreement would not defeat its use as a predicate for a conversion divorce (*Christian v Christian,* 42 NY2d 63; cf. *Angeloff v Angeloff,* 56 NY2d 982). The third defense is equally unavailing, since a court need not dismiss an action because another one is pending (see CPLR 3211, subd [a], par 4), and in the posture of this case, it should not be a basis for dismissal here. The question thus comes down to whether defendant has raised an issue of fact concerning plaintiff's substantial compliance with the terms of the separation agreement. Regarding noncompliance, the only averments by defendant of any consequence are plaintiff's tardy support payments to the extent that at one time he owed $400 in alimony, and also that plaintiff neglected to purchase specific life insurance provided by the agreement until just prior to this action. There are no averments that he was in breach of any material term of the agreement at the time of suit, or that court action on her part had been necessary to enforce her rights. Under these circumstances, defendant has failed to raise a triable issue concerning plaintiff's noncompliance. "The fact that the husband, on occasion, fell in arrears on payments due under the separation agreement does not mean that he failed to substantially comply with its terms" (*Timmins v Timmins,* 50 AD2d 720; *Gedraitis v Gedraitis,* 109 Misc 2d 420). The prior delinquent payments comprise only a minor portion of the total payments made between the signing of the agreement and the commencement of this action. "Substantial", not "absolute" performance has been held to be the required predicate in a similar action under subdivision (5) of section 170 of the Domestic Relations Law (*Pierce v Pierce,* 50 AD2d 867, 868), and it has likewise been held in a subdivision (6) case that " '[s]ubstantially' plainly intends to avoid need to prove literal compliance" (*Berman v Berman,* 72 AD2d 425, 429). The problems concerning arrears in payment and the insurance policy were corrected by plaintiff prior to this action. Unlike cases where conversion has been denied because the husband has not paid alimony at all and has not agreed to pay (see, e.g., *Failla v Failla,* 81 Misc 2d 959), or denies the need to comply with any statutory provision besides separation (*Berman v Berman, supra*), to deny the motion in circumstances such as this would conflict with the legislative intent that a divorce is in the

best interests "not only of the parties but of society itself * * * by enabling them to extricate themselves from a perpetual state of marital limbo" (*Gleason v Gleason,* 26 NY2d 28, 35). Order reversed, on the law, without costs, and motion for summary judgment granted. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.