■ JOSEPH KOWALEWSKI, SR., Appellant, v ELEANOR J. KOWALEWSKI, Respondent. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered August 18, 1983 in Albany County, which denied plaintiff's motion for summary judgment with leave to renew. The parties married in 1956 and have three children, one of whom is still a minor. On November 9, 1981, the parties entered into a separation agreement and, in May, 1983, plaintiff husband moved for summary judgment seeking a divorce based upon the parties having lived separate and apart for more than one year pursuant to a written separation agreement (Domestic Relations Law, § 170, subd [6]). Defendant wife, resisting the motion, maintained that the husband had not, as required by subdivision (6) of section 170 of the Domestic Relations Law, substantially performed the terms of the separation agreement in that paragraph 13 thereof remained unexecuted. Paragraph 13 reads in pertinent part: "The Husband further acknowledges that the Wife has a vested interest in the benefits and rights due to him under his military pension. That because of the length of the marriage herein, the Husband herein agrees to pay to the Wife, her share of said vested interest as may be determined by the Government, or in the absence thereof, by the parties hereto." In addition, she asked that a hearing be held to determine what percentage of her husband's pension she was entitled to and for whatever other relief the court deemed just and equitable. Special Term denied the husband's motion for summary judgment, with leave to renew the motion after the wife's share in the pension could be valued at a Family Court hearing and payment thereof was made to her. This appeal by the husband ensued. Initially, the husband's position was that he would take no action on the pension until after it vested. However, he now acknowledges that the pension, though neither vested nor matured, is nevertheless subject to apportionment pursuant to the Equitable Distribution Law (*Reed v Reed,* 93 AD2d 105, 111, app dsmd *sub nom. Patricia R. v Thomas R.,* 59 NY2d 761). Beyond that, we note, as did Special Term, that the quoted language itself establishes that when the parties entered into the separation agreement, they considered the husband's military pension an asset to be shared with the wife. Given that the husband already has 11 years in military service, we agree with Special Term's conclusion not to view paragraph 13 as an insignificant provision of the agreement, as the husband would have it, but rather as one of its major financial terms and conditions, noncompliance with which bars summary judgment (*Berman v Berman,* 72 AD2d 425, 429, affd 52 NY2d 723). It is only with Special Term's conditioning the husband's renewal motion on his first paying the wife's share of the pension before the husband can secure a conversion divorce that we disagree. Significantly, the separation agreement explicitly states that "the husband * * * agrees to pay to the wife her share" of the pension; only the method of payment is undefined. Under Special Term's order, payment is made the key to whether the husband has complied with the separation agreement. In our view, whether there has been substantial compliance does not necessarily depend on payment alone, but on the method of payment (delayed until the pension vests and matures, periodic payments, or a lump sum) which Family Court finds that the parties intended. Until that determination is made by Family Court, the issue of whether

payment is necessary for there to be substantial compliance is unresolvable. Order modified, on the law, by deleting the second decretal paragraph and inserting in lieu thereof the following: "ORDERED, that the plaintiff be and he hereby is granted permission to renew the application for summary judgment upon the valuation and/or payment, as the case may be, to the defendant of her share of the value of the pension plan." and, as so modified, affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.