■ MICHAEL C. NAHL, Respondent, v MARY K. NAHL, Appellant.—Harvey, J. Appeal from an order and judgment of the Supreme Court (Conway, J.) granting plaintiff a divorce, entered February 18, 1988 in Albany County, upon a decision of the court, without a jury.

The parties were married in December 1961. Due to differences between them, a separation agreement was entered into in November 1985, the terms of which were to be incorporated into and survive a judgment of divorce. Plaintiff commenced this divorce action on the ground that the parties had lived separate and apart for over a year pursuant to the written separation agreement. Although plaintiff thereafter moved twice for summary judgment on this basis, both motions were denied, without prejudice to renew, due to plaintiff's apparent failure to substantially comply with portions of the separation agreement. After taking steps to comply with Supreme Court's directives, plaintiff again moved for summary judgment and this time his motion was granted. Defendant appeals.

We affirm. Based upon our review of the record, we conclude that plaintiff was properly granted summary judgment for a conversion divorce pursuant to Domestic Relations Law § 170 (6) *(see, Wiecek v Wiecek,* 104 AD2d 935, 939). The record demonstrates plaintiff's substantial compliance with the provisions of the separation agreement, notwithstanding defendant's allegations that plaintiff has failed to comply with crucial paragraphs of the agreement relating to marital property. Our examination of the record reveals, however, that plaintiff has consistently attempted to comply with these provisions and has, for the most part, been thwarted by the actions of defendant herself *(cf., Bock v Bock,* 121 AD2d 672, *lv denied* 69 NY2d 611).

Specifically, the major areas of disagreement between the

parties concerned the disposition of the marital residence located in this State and also an apartment complex owned by the couple in Oklahoma. Regarding the marital residence, the separation agreement called for its sale, with defendant to receive $100,000 of the net proceeds of the sale outright and plaintiff to receive the remainder. While plaintiff was responsible for closing costs, defendant was to pay any real estate commissions along with a specified portion of the tax liability arising from the sale. Defendant was to pay for these costs from the 5% of the gross sale price of the home she was to receive. There was a substantial mortgage on the property. Defendant was given sole possession of the residence for a period of time but, as a former real estate agent herself, was to use her best efforts to find a buyer. Defendant was unable to secure a buyer and, in response to plaintiff's first two summary judgment motions in this action, defendant explained this by alleging that plaintiff was refusing to consider reasonable offers for the house. However, defendant did not allege that any offer had been made. Plaintiff disputed these assertions and maintained that he would accept an offer of $480,000 for the home. Despite defendant's contention that this was an "artificially high" and unrealistic price, plaintiff subsequently found a buyer willing to pay that amount and a written offer to purchase was executed. Defendant then refused to ratify this contract and ignored plaintiff's written offer to purchase her interest in the former marital property for $100,000.

As to the apartment complex in Oklahoma, plaintiff again demonstrated defendant's seemingly deliberate attempts to obstruct his compliance with the separation agreement. Under its terms, plaintiff was to deed sole title to the property to defendant and the parties were to market and sell the property. If it was not sold by a certain date, however, plaintiff was to purchase the property from his wife at a specified price. While this date has come and gone, the record shows that plaintiff made every effort to comply with the provisions of the separation agreement, including tendering a deed and written purchase offer as required by the separation agreement, but his efforts were frustrated at almost every turn by defendant's actions.

The remaining issues are relatively less important and documentary proof demonstrates plaintiff's good faith in attempting to carry out the provisions of the separation agreement, as well as to correct the prior findings of delinquency set forth in prior court decisions. Literal compliance with the

terms of a separation agreement is not necessary if the essentials of the agreement are met *(Berman v Berman,* 72 AD2d 425, 429, *affd* 52 NY2d 723). As for the issue of defendant's counsel fees, the separation agreement clearly provided that plaintiff would pay a certain amount to defendant as long as she retained the services of a certain attorney. Since defendant hired new counsel she is not now entitled to this amount. There is no support in the record for any claim by defendant that she cannot afford to pay her own counsel fees.

We have found the remaining contentions of defendant to be unpersuasive.

Order and judgment affirmed, with costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.