(November 14, 1991)

■ MARY K. NAHL, Appellant, v MICHAEL C. NAHL, Respondent. (And Other Related Actions.)—Weiss, J. Appeal from an order of the Supreme Court (Conway, J.), entered April 20, 1990 in Albany County, which granted defendant's motion for summary judgment dismissing the complaints.

Plaintiff and defendant entered into a separation agreement in 1985 upon which defendant was granted a divorce in 1988 *(see, Nahl v Nahl,* 148 AD2d 898). Soon thereafter, plaintiff commenced two actions seeking specific performance of certain provisions of the separation agreement. The first action refers to the sale and disposition of the proceeds from the marital real estate in the Town of Colonie, Albany County, and the second action relates to the sale of an apartment building in Stillwater, Oklahoma, and the division of the sale proceeds. Defendant sought summary judgment dismissing both complaints based upon the doctrine of the "law of the case", contending that this court's decision in *Nahl v Nahl (supra)* effectively resolved the issue and essentially found plaintiff without clean hands. Supreme Court granted defendant's motion and plaintiff appeals.

Plaintiff contends that the holding of this court in the appeal from the judgment of divorce addressed the issue of defendant's substantial compliance with the separation agreement only in the context of entitlement to a divorce pursuant to Domestic Relations Law § 170 (6) *(see, Christian v Christian,* 42 NY2d 63, 69). Plaintiff argues that the precise issue now before the court is the interpretation of specific contract clauses and enforcement by plaintiff and not defendant's

substantial compliance with the agreement as a whole. We agree.*

When we agreed with Supreme Court that defendant's efforts to comply with the subject provisions of the agreement had been thwarted and frustrated *(Nahl v Nahl, supra)*, we did not determine that plaintiff had acted in bad faith and without some basis for her conduct. Nor did we hold that she had breached the contract or repudiated it. There are obvious disputes in the interpretation of the agreement and what is required for full compliance. While the disposition of the two parcels of real estate are a major part of plaintiff's property settlement, we found only that defendant's efforts to comply with the agreement were sufficient compliance under the circumstances to entitle him to a decree of divorce *(see, Berman v Berman,* 72 AD2d 425, *affd on opn below* 52 NY2d 723). However, that narrow issue is not sufficiently identical to the issues posited in plaintiff's instant specific performance actions to permit the application of the law of the case doctrine *(see, Matter of D'Alimonte v Kuriansky,* 144 AD2d 737, 738; *Kramer & Sons v Facilities Dev. Corp.,* 135 AD2d 942, 943). As defendant candidly acknowledges in his brief, the finding of defendant's substantial compliance with the agreement does not prevent plaintiff from seeking specific performance. Defendant has mischaracterized this court's references to plaintiff's acts which we neither definitively nor necessarily determined in the prior appeal, and accordingly do not constitute the law of the case.

Moreover, the doctrine of law of the case is not inflexible and may be ignored in extraordinary circumstances *(see, Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment,* 125 AD2d 803, *lv dismissed* 70 NY2d 722). We find that to leave plaintiff's financial fate and any definitive resolution of her substantial property rights in the hands of her estranged former husband, to linger and await any disposition in his sole discretion, would be such a circumstance.

---

* The divorce action appealed *(Nahl v Nahl, supra)* has pending counterclaims. That action and the two additional specific performance actions appear to have been consolidated as the title caption on the instant appeal and the motion papers in the record contain the three titles, but only a single index number *(see,* CPLR 2101, 8018; 22 NYCRR 202.5) and a single request for judicial intervention number *(see,* 22 NYCRR 202.6). Law of the case doctrine does not apply to distinctly separate actions *(Matter of McGrath v Gold,* 36 NY2d 406, 413). If the actions have not been consolidated, similar results would likely pertain under the principles of res judicata, issue preclusion and collateral estoppel.

Mahoney, P. J., Casey and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.