■ In the Matter of ALI SALEH MUGALLI, Doing Business as HOLLEY FARM MARKET, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [684 NYS2d 727] —Determination unanimously confirmed with costs and petition dismissed. Memorandum: Respondent's determination that petitioner's knowing possession of stolen property violated 9 NYCRR 53.1 (n) (improper conduct by the licensee on or off the licensed premises of such a nature that would lead respondent to deny the issuance of a license or any renewal thereof) is supported by substantial evidence (see, *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180-182; *Matter of Diegelman v State of New York Liq. Auth.,* 50 AD2d 720). In light of petitioner's conduct and history of prior violations, we conclude that the penalty imposed was a reasonable exercise of respondent's discretion and was not disproportionate to the offense (see, *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Daniels v McLaughlin,* 82 AD2d 905; *Matter of Diegelman v State of New York Liq. Auth., supra*). The contention of petitioner regarding the violation of his equal protection and due process rights was not raised at the administrative hearing and therefore may not be reviewed in this CPLR article 78 proceeding (see, *Matter of International Fid. Ins. Co. v Hartnett,* 199 AD2d 1084; *see also, Matter of Vicari v Wing,* 244 AD2d 974). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Gorski, J.) Present—Denman, P. J., Pine, Pigott, Jr., Callahan and Boehm, JJ.