■ WILLIAM A. FITZGERALD, Individually and as Administrator of the Estate of AUGUSTUS T. FITZGERALD, Deceased, Appellant, v LEON T. FITZGERALD et al., Respondents. [753 NYS2d 570] —Mercure, J. Appeal from an order of the Supreme Court

---

(Bradley, J.), entered April 9, 2002 in Ulster County, which granted a motion by defendants Amelia M. Gritman and Carol A. Curran to dismiss the complaint as time-barred.

Plaintiff alleges that on July 10, 1990, his brother, defendant Leon T. Fitzgerald, forged the signature of decedent, their father, on a document granting him general power of attorney and used this document to withdraw funds from decedent's bank accounts. Decedent died one day later and, on July 18, 1990, plaintiff wrote a letter to his mother claiming that Fitzgerald fraudulently "picked up [decedent's] hand and traced his signature" in order to obtain the power of attorney. Several years later, plaintiff obtained a copy of the purported power of attorney and engaged a handwriting expert to examine the document. On November 21, 1997, the handwriting expert submitted a report concluding that decedent had not signed the document. This expert later submitted a supplemental report concluding that the document had instead been signed by Fitzgerald.

On February 25, 1998, plaintiff commenced this action against Fitzgerald, defendant Amelia M. Gritman, the notary public who witnessed the signature, and, by amended complaint, against defendant Carol A. Curran, as sole legatee of the estate of William P. Curran, the attorney who allegedly prepared the document and supervised its execution. Following joinder of issue and limited discovery, Gritman and Curran moved to dismiss the complaint as barred by the six-year statute of limitations on actions for fraud (*see* CPLR 213 [8]). Supreme Court granted this motion to dismiss, prompting this appeal.

We affirm. Plaintiff relies on the tolling provision of CPLR 203 (g), which allows actions for fraud to be commenced within two years of the time when the operative facts were discovered or reasonably should have been discovered (*see Heritage v Mance*, 265 AD2d 657, 659; *Davis v Smith Corp.*, 262 AD2d 752, 754-755). However, while plaintiff contends that he did not actually discover the alleged fraud until he received the expert handwriting report in November 1997, it is clear from the July 18, 1990 letter to his mother that plaintiff, at that time, "possessed sufficient information to prompt an inquiry that would have led to the discovery of the alleged fraud within six years of its commission" (*Hoffman v Cannone*, 206 AD2d 740, 741). Accordingly, plaintiff's complaint was properly dismissed as time-barred.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.