■ SHAWANGUNK CONSERVANCY, INC., Appellant, v MICHAEL FINK et al., Respondents. [762 NYS2d 109] —Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered February 4, 2002 in Ulster County, which, in an action pursuant to RPAPL articles 5, 8 and 15, inter alia, declared defendants to be the owners of certain real property.

This is a dispute over title to certain undeveloped real property located on Rock Hill Ridge in the Town of Rochester, Ulster County. Plaintiff commenced this action asserting ownership of the property on three separate grounds. First, plaintiff asserted record ownership of a portion of the property based upon a quitclaim deed executed by Ruby Smith in 1994 (hereinafter the Smith deed). Second, plaintiff asserted record title to a different portion of the property by virtue of a 1995 deed from Lars Hagen and Wayne Kelder (hereinafter the Hagen/Kelder deed). Third, plaintiff claimed to have acquired title to the remaining portion of the property by adverse possession under a written instrument—namely, the Hagen/Kelder deed.

By letter decision dated November 24, 1997, following discovery and on competing motions by the parties for summary judgment, Supreme Court (Bradley, J.) dismissed all three of plaintiff's claims to title. The court found that defendants were the fee simple record owners of the entire property, specifically rejecting the testimony of plaintiff's expert submitted to establish that the description in the Hagen/Kelder deed included a portion of the property in dispute. Based on this finding, as well as its conclusion that the Hagen/Kelder deed was also void for vagueness, Supreme Court dismissed plaintiff's adverse possession claim on the ground that the Hagen/Kelder deed could not provide even color of title. On appeal, this Court disagreed only with the conclusion that the Hagen/Kelder deed was insufficient to provide a basis for a claim of adverse possession under a written instrument. Accordingly, we modified Supreme Court's order to the extent of reversing the dismissal of plaintiff's claim to title by adverse possession, and otherwise affirmed all aspects of Supreme Court's order, including the dismissal of both of plaintiff's claims to record title (261 AD2d 692, 695 [1999]).

At a subsequent bench trial, in an apparent effort to cover all potential issues remaining following the first appeal, Supreme Court (Connor, J.) accepted proof not only on the adverse possession claim, but also on plaintiff's claim to record title based on the Hagen/Kelder deed. The court thereafter found that plaintiff had not established the elements of adverse possession and, "to the extent, if any," that plaintiff's record ownership claim based on the Hegen/Kelder deed was still viable, dismissed that claim on the merits as well.

On this second appeal, plaintiff renews its claim to record title based on the Hagen/Kelder deed. Where a party has been afforded "a full and fair opportunity to fully litigate an issue, this Court's decision on that issue becomes the law of the case precluding further litigation" (*Bennett v Nardone*, 298 AD2d 790, 790-791 [2002], *lv dismissed* 99 NY2d 579 [2003]; *see People v Evans*, 94 NY2d 499, 502 [2000]). As indicated, plaintiff's claim to record title based on the Hagen/Kelder deed was squarely resolved by Supreme Court's November 24, 1997 decision and that aspect of Supreme Court's order was affirmed by this Court. Accordingly, plaintiff's continuing arguments on this point are barred by the doctrine of the law of the case (*see Bennett v Nardone, supra* at 790-791; *Matter of Steck v Jorling*, 227 AD2d 849, 851 [1996]). Moreover, after reviewing the record evidence and Supreme Court's well-reasoned decision following trial on this issue, we perceive no " 'extraordinary circumstances' " to warrant an exception to the law of the case doctrine (*Ulster Home Care v Vacco*, 296 AD2d 671, 673 [2002], quoting *Nahl v Nahl*, 177 AD2d 777, 778 [1991]).

We now turn to plaintiff's claim that it has acquired title to a portion of the property by adverse possession. "A claim of adverse possession requires a showing by clear and convincing evidence that the claimant's possession was hostile, under a claim of right, actual, open and notorious, exclusive of any other right and continuous for a period of 10 years" (*Longshore v Hoel Pond Landing*, 284 AD2d 815, 816 [2001], *lv denied* 97 NY2d 603 [2001] [citation omitted]; *see Moore v City of Saratoga Springs*, 296 AD2d 707, 709 [2002]; *Albright v Beesimer*, 288 AD2d 577, 578 [2001]). "[W]hen adverse possession is based on a written instrument, the adverse possessor's occupation and possession of a portion of the property gives rise to constructive possession of the entire property laid claim to under the instrument" (*Hutton v Townsend*, 150 AD2d 972, 973 [1989]; *see* RPAPL 511, 512). Mindful that where, as here, the appeal is from an order entered after a bench trial we are called upon to "independently review the weight of the evi-

dence presented and grant judgment warranted by the record" (*Riggs v Benning*, 290 AD2d 716, 717 [2002]), while according due deference to " 'the trial court's factual findings particularly where they rest largely upon an assessment of credibility' " (*Glencoe Leather Corp. v Parillo*, 285 AD2d 891, 892 [2001], quoting *Jump v Jump*, 268 AD2d 709, 710 [2000]), we affirm Supreme Court's finding that plaintiff did not establish the elements of adverse possession by clear and convincing evidence.

Plaintiff's proof on this issue primarily consists of the testimony of its predecessors in interest, Hagen and Kelder. They testified that they were present on the portion of the property in question up to a couple of days each month and that their activities included maintaining access roads, posting the property against trespassing, conducting seasonal woodcutting and hunting. Hagen and Kelder also claimed that no one ever interfered with their use of the property; indeed, they asserted that one of the defendants asked permission to traverse the property and, at one point, offered to purchase it.

Through their testimony and that of other witnesses who frequented the portion of the property at issue for logging or recreational purposes, defendants directly disputed these facts, claiming that they maintained all access roads and that the property was not clearly posted or occupied by Hagen and Kelder. In addition, a letter to defendants by plaintiff's attorney was introduced which extended an offer to purchase the property, thereby acknowledging defendants' ownership of it.

After reviewing this conflicting evidence and affording due deference to Supreme Court's decision to credit the testimony of defendants' witnesses, we agree that plaintiff failed to establish that any portion of the property was occupied in an open, notorious, hostile and exclusive manner for the requisite statutory period (*see* RPAPL 511, 512; *Kitchen v Village of Sherburne*, 266 AD2d 786, 786-787 [1999]; *cf. Guenther v Allen*, 268 AD2d 934, 935 [2000], *appeal dismissed and lv denied* 94 NY2d 939 [2000]).

Crew III, J.P., Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.