■ EASTERN MUTUAL INSURANCE COMPANY, Appellant, v PETER M. KLEINKE et al., Defendants, and CAMBRIDGE VALLEY AGRICULTURAL SOCIETY, INC., Doing Business as WASHINGTON COUNTY JUNIOR FAIR, Also Known as WASHINGTON COUNTY FAIR, INC., Respondent. [764 NYS2d 660] —Carpinello, J. Appeal from an order of the Supreme Court (Keegan, J.), entered June 14, 2002 in Albany County, which granted a motion by defendant Cambridge Valley Agricultural Society, Inc. for costs and counsel fees.

In connection with an E-coli outbreak at the Washington County Fair, a negligence action was commenced against plaintiff's insureds. Based on an exclusion in its liability policy, plaintiff commenced a declaratory judgment action to determine if it was to defend or indemnify its insureds, including defendant Cambridge Valley Agricultural Society, Inc. (hereinafter defendant). Ultimately, by decision and order dated January

17, 2001, Supreme Court granted defendant's motion for partial summary judgment, declaring that plaintiff was obligated to defend defendant and, further, that defendant was entitled to reasonable costs and counsel fees that it had incurred in defending plaintiff's action. In a separate decision dated April 17, 2001, the court awarded defendant a total of $19,648.68 in costs and fees. On appeal, this Court affirmed both decisions upon the opinions of Supreme Court (293 AD2d 801 [2002], *lv dismissed* 98 NY2d 692 [2002]). Thereafter, Supreme Court awarded defendant an additional $14,644.66 in costs, disbursements and counsel fees incurred in defending and responding to plaintiff's appeal. Plaintiff now appeals from that order.

We affirm. In seeking to overturn the current award, plaintiff argues that defendant is not legally entitled to recoup costs and counsel fees in this declaratory judgment action and that Supreme Court improperly relied upon *Mighty Midgets v Centennial Ins. Co.* (47 NY2d 12 [1979]) in its April 17, 2001 decision. Significantly, however, this Court affirmed the April 17, 2001 decision in its entirety (293 AD2d 801 [2002], *supra*). Inasmuch as this Court's affirmance encompassed Supreme Court's specific determination that costs and counsel fees are legally authorized, plaintiff's current arguments are barred under the doctrine of the law of the case (*see Shawangunk Conservancy v Fink*, 305 AD2d 902, 903 [2003]; *Bennett v Nardone*, 298 AD2d 790, 790-791 [2002], *lv dismissed* 99 NY2d 579 [2003]). Moreover, a review of the record demonstrates an absence of "extraordinary circumstances" warranting an exception to the law of the case doctrine (*Nahl v Nahl*, 177 AD2d 777, 778 [1991]).

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.