■ WILLIAM A. FITZGERALD, Individually and as Administrator of the Estate of AUGUSTUS T. FITZGERALD, Deceased, Appellant, v LEON T. FITZGERALD, Respondent, et al., Defendants. [772 NYS2d 881]—

Mercure, J.P. Appeal from an order of the Supreme Court (Bradley, J.), entered July 23, 2003 in Ulster County, which, inter alia, granted defendant Leon T. Fitzgerald's motion to dismiss the complaint as time-barred.

Plaintiff alleges that on July 10, 1990, his brother, defendant Leon T. Fitzgerald (hereinafter defendant), forged the signature of decedent, their father, on a general power of attorney form and subsequently used this document to withdraw funds from decedent's bank accounts. Plaintiff ultimately commenced this action in 1998 against defendant and Amelia M. Gritman, a notary public who acknowledged the execution of the power of attorney. Carol A. Curran, the sole legatee of the attorney who prepared the form and was present for its execution, was subsequently added as a defendant by amended complaint. In 2002, Gritman and Curran moved to dismiss the complaint as time-barred (*see* CPLR 213 [8]). Supreme Court granted the motion and this Court affirmed (301 AD2d 851, 852 [2003]). Thereafter, plaintiff moved for a change of venue and requested that the judge recuse himself. Defendant moved to dismiss the complaint as time-barred. Supreme Court granted defendant's motion and dismissed the complaint. Plaintiff appeals and we now affirm.

"Where a party has been afforded 'a full and fair opportunity to fully litigate an issue, this Court's decision on that issue becomes the law of the case precluding further litigation' " (*Shawangunk Conservancy v Fink*, 305 AD2d 902, 903 [2003], quoting *Bennett v Nardone*, 298 AD2d 790, 790-791 [2002], *lv dismissed* 99 NY2d 579 [2003]; *see generally People v Evans*, 94 NY2d 499, 502-504 [2000]). Here, plaintiff previously litigated the statute of limitations issue, which was resolved by Supreme Court's order granting the prior motion to dismiss by Gritman and Curran, and this Court's affirmance thereof (301 AD2d 851, 852, *supra*). Inasmuch as plaintiff has had a full and fair opportunity to litigate the issue of whether the action was timely commenced, further litigation on the issue is barred absent extraordinary circumstances, which are not present here (*see Shawangunk Conservancy v Fink, supra* at 903; *White v Murphy*, 290 AD2d 704, 705 [2002]). Plaintiff's remaining claims are either meritless or have been rendered academic by our decision.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.