■ GILES A. MORIN, Appellant-Respondent, v JANET E. MORIN, Respondent-Appellant. [834 NYS2d 544]—

Carpinello, J. Cross appeals (1) from an order of the Supreme Court (Scarano, Jr., J.), entered February 10, 2005 in Saratoga County, which, inter alia, denied plaintiff's motion for summary judgment, and (2) from a judgment of said court, entered July 13, 2005 in Saratoga County, inter alia, granting plaintiff a divorce, upon a decision of the court.

The parties entered into a separation agreement in May 2003. This agreement called for the division of numerous financial accounts, items of personal property and debts. Moreover, pursuant to its terms, and as relevant on appeal, plaintiff was obligated to pay defendant $2,000 per month in spousal support until November 2007 unless a certain "account receivable" became uncollectible. However, in any event, defendant was guaranteed a minimum of $2,000 per month in spousal support until the divorce was executed.[1] According to plaintiff, the account receivable became uncollectible as of October 2003.

It is undisputed that plaintiff paid defendant as agreed through April 2004, but stopped making payments in May 2004, the month in which he executed the complaint commencing this action for a conversion divorce (the action was actually filed on June 11, 2004). In November 2004, he moved for summary judgment, claiming that he had substantially complied with the separation agreement by living separate and apart for the requisite time period, by dividing all property and debts as ordered and by making the required monthly spousal support payments. Defendant opposed and cross-moved for summary judgment, disputing the claim that the account receivable was totally uncollectible. Supreme Court denied the motions, finding an issue of fact regarding whether the subject account receivable was uncollectible. After trial, Supreme Court found the subject account to be uncollectible and granted plaintiff a conversion divorce. The parties now cross appeal.[2]

---

**1.** In particular, the separation agreement states as follows: "Notwithstanding any of the foregoing, [plaintiff] shall *guarantee* that spousal support payments in the minimum amount of $2,000 per month shall not cease *under any circumstances* prior to the *execution* of a Judgment of Divorce" (emphasis added).

**2.** Since the right to appeal an intermediate order terminates upon the entry of a final judgment, the cross appeals from the order denying the parties' motions for summary judgment must be dismissed (*see State of New York v Joseph*, 29 AD3d 1233, 1234 n [2006], *lv denied* 7 NY3d 711 [2006]; *Warnke v Warner-Lambert Co.*, 21 AD3d 654, 655 n 2 [2005]). The parties' cross ap-

We agree with Supreme Court's finding that plaintiff substantially complied with all terms of the separation agreement until one month before this action was actually commenced (*see* Domestic Relations Law § 170 [6]) and that his one missed payment was not enough to deny him a conversion divorce (*see e.g. Nahl v Nahl*, 148 AD2d 898 [1989]; *Bock v Bock*, 121 AD2d 672 [1986], *lv denied* 69 NY2d 611 [1987]; *Santora v Santora*, 89 AD2d 767, 768 [1982]; *Berman v Berman*, 72 AD2d 425, 428-429 [1980], *affd* 52 NY2d 723 [1980]; *Timmins v Timmins*, 50 AD2d 720 [1975], *lv denied* 38 NY2d 708 [1976]). The issue then narrows to whether Supreme Court should have granted plaintiff this relief on his motion for summary judgment. In denying the motion, Supreme Court found a question of fact concerning whether the account receivable had become uncollectible. This dispute, however, had no bearing on the precise issue of whether plaintiff was entitled to a conversion divorce; rather, it was only relevant to the duration of his spousal support obligation. This being the case, summary judgment should have been granted to plaintiff and a conversion divorce should have been granted at that time. Otherwise stated, while a hearing was necessary on the disputed factual issue of when plaintiff's support obligation would terminate, no hearing was required on the issue of substantial compliance.

Next, contrary to defendant's contentions, the record amply supports the finding that the subject account receivable indeed became uncollectible as of October 2003 such that plaintiff's obligation to pay spousal support terminated as of the execution of the judgment of divorce. Because a judgment of divorce should have been executed at the time that a decision was rendered on the parties' respective summary judgment motions, we find that defendant is entitled to spousal support arrears only in the amount of $20,000 (representing the 10 missed payments between May 2004 and February 2005), plus interest.

As a final matter, we are unpersuaded by plaintiff's argument that he is entitled to a judgment of divorce nunc pro tunc to the commencement date of the action and defendant's argument that she is entitled to an award of counsel fees.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the cross appeals from the order entered February 10, 2005 are dismissed, without costs. Ordered that the judgment entered July 13, 2005 is modified, on the law, without costs, by granting plaintiff's motion for summary judgment and reducing spousal support arrears in an amount not inconsistent with this Court's decision; and, as so modified, affirmed.

peals from the final judgment, however, bring up for review the intermediate order (*see* CPLR 5501 n [a] [1]; *Madden v Dake*, 30 AD3d 932, 935 n 2 [2006]).