NICHOLAS J. GRASSO, Appellant, v JOSEPH F. GRASSO, JR., Respondent. [845 NYS2d 182]—

Lahtinen, J. Appeal from an order and judgment of the Supreme Court (Kramer, J.), entered June 21, 2006 in Schenectady County, which granted defendant's motion to dismiss the complaint.

In 1980, plaintiff purchased earrings from defendant, who is plaintiff's nephew and owns a jewelry store in Oklahoma. Plaintiff allegedly paid $1,750 for the earrings believing them to be made of diamonds and white gold, and he gave them to his mother. After his mother's death in 1986, plaintiff and his brother (defendant's father) divided her estate, with plaintiff

acquiring a set of earrings he believed to be the same pair that he had given to his mother six years earlier. He stored the earrings in a box until July 2005, when he had them inspected by a jeweler and was told that they were composed of cubic zirconia and white metal with a value of about $15. He commenced this fraud action in December 2005. Defendant asserted several grounds for dismissal in a preanswer motion. Supreme Court dismissed the action as barred by the statute of limitations. Plaintiff appeals.

Although the action was brought long after the expiration of the six-year statute of limitations (*see* CPLR 213), plaintiff contends that the action is timely under the tolling provision for a fraud claim which permits an action within two years of when the fraud is discovered or could have been discovered with reasonable diligence (*see* CPLR 213 [8]; *see also* CPLR 203 [g]; *Fitzgerald v Fitzgerald*, 301 AD2d 851, 852 [2003], *lv denied* 2 NY3d 707 [2004]). When the earrings were obtained by plaintiff following his mother's death in 1986, it would have been reasonable to determine their value at that time since such value was relevant to reporting on and dividing the estate. We agree with Supreme Court that, under these circumstances, plaintiff failed to meet his burden of establishing that he was entitled to the benefit of the discovery exception (*see generally Lefkowitz v Appelbaum*, 258 AD2d 563, 563 [1999]).

Cardona, P.J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order and judgment is affirmed, with costs.