■ THEODORE FACKELMAN, Respondent, v LISA FACKELMAN, Appellant. [856 NYS2d 162]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated July 18, 2006, as granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for a conversion divorce pursuant to Domestic Relations Law § 170 (6), in effect, granted that branch of the plaintiff's motion which was

to dismiss her counterclaim for leave to enter a money judgment for moneys owed pursuant to the parties' separation agreement and, in effect, denied that branch of her cross motion which was for a hearing on her counterclaim for a money judgment for moneys owed pursuant to the parties' separation agreement, and (2) a judgment of the same court entered March 12, 2007, as amended by a judgment entered November 9, 2007, which awarded the plaintiff a conversion divorce.

Ordered that the appeal from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on his cause of action for a conversion divorce is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment, as amended, is affirmed, without costs or disbursements; and it is further,

Ordered the order is reversed insofar as reviewed, on the law, without costs or disbursements, that branch of the plaintiff's motion which to dismiss the defendant's counterclaim for leave to enter a money judgment is denied, that branch of the defendant's cross motion which was for a hearing on her counterclaim for leave to enter a money judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The appeal from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on his cause of action for a conversion divorce must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The parties were married on February 14, 1993. After marital difficulties arose, the parties executed a written separation agreement on April 6, 2001 acknowledged in the form required to entitle a deed to be recorded. About four years later, the plaintiff husband commenced the instant action, inter alia, for a conversion divorce pursuant to Domestic Relations Law § 170 (6). The defendant wife counterclaimed for a conversion divorce also based upon the separation agreement, and for leave to enter a money judgment for certain expenses she had paid with the expectation of reimbursement pursuant to the separation agreement.

The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on his cause of action for a conversion divorce (*see* Domestic Relations Law

§ 170 [6]; *Christian v Christian*, 42 NY2d 63, 72 [1977]; *Rosenzweig v Singer*, 18 AD3d 853, 854 [2005]). The evidence submitted in support of the motion demonstrated that the parties lived separate and apart for more than a year following the execution of the properly-acknowledged separation agreement and that the plaintiff substantially complied with the provisions of the agreement (*see Morin v Morin*, 38 AD3d 953, 955 [2007]). In opposition, the defendant failed to raise a triable issue of fact (*see Berman v Berman*, 72 AD2d 425, 428 [1980], *affd* 52 NY2d 723, 725 [1980]).

However, the Supreme Court erred when, in effect, it dismissed the defendant's counterclaim for a money judgment and denied that branch of her cross motion which was for a hearing on her counterclaim for leave to enter a money judgment for moneys owed by the plaintiff pursuant to the parties' separation agreement. The defendant contended that the plaintiff failed to reimburse her for certain expenses totaling $4,070.80 which she paid in reliance on the separation agreement. The plaintiff did not deny that he failed to make those reimbursements, alleging that he was not provided with any receipts or documents evidencing the payments. Accordingly, the Supreme Court should have set the matter down for a hearing to determine the amount, if any, of arrears due pursuant to the separation agreement (*see D'Anna v D'Anna*, 17 AD3d 400, 401 [2005]; *Vogel v Vogel*, 12 AD3d 592, 592-593 [2004]; *Felton v Felton*, 175 AD2d 794, 795 [1991]). Spolzino, J.P., Santucci, Angiolillo and Balkin, JJ., concur.