■ St. Lawrence Factory Stores, Appellant, v Ogdensburg Bridge and Port Authority, Respondent. [609 NYS2d 370] —Crew III, J. Appeal from an order and judgment of the Supreme Court (Duskas, J.), entered December 15, 1992 in St. Lawrence County, which granted defendant's motion for summary judgment dismissing the complaint.

In 1964, defendant acquired certain real property located in the City of Ogdensburg, St. Lawrence County, for the purpose of developing an industrial park. This action concerns a 12-acre portion of that property that defendant sought to have developed as a retail factory outlet center. It appears that Frank Arvay and Richard Lepine each expressed interest in the project but defendant, apparently believing that neither was capable of undertaking the project on his own, urged Arvay and Lepine to affiliate for the purpose of developing the property. Thereafter, on or about February 26, 1990, defendant granted Arvay and Lepine an option to purchase the property as promoters on behalf of a corporation to be formed. This option was exercisable through December 30, 1990.

Arvay and Lepine subsequently decided to form a partnership and, on or about December 19, 1990, defendant agreed to recognize Arvay and Lepine, doing business as St. Lawrence Factory Stores, a New York general partnership, as the holders of the option and extended the option until June 30, 1991. Arvay, as managing partner of plaintiff, gave notice of exercise of the option by letter dated June 20, 1991. Defendant thereafter sought and obtained permission from Supreme

Court to sell the property to "Frank Arvay and Richard Lepine d/b/a St. Lawrence Factory Stores", and a closing was scheduled for January 17, 1992.

At the closing, Arvay arrived with his share of the purchase price, but Lepine apparently stated that he no longer wished to be a partner with Arvay and instead wanted to purchase the property as tenants in common. When defendant took the position that the sale could only be made to the partnership, Lepine refused to close.* Arvay then attempted to tender payment in full and proceed with the closing but defendant, having determined that it could not close with a dissolved partnership, left the closing and apparently did not respond to Arvay's subsequent attempt to set another closing date.

Plaintiff thereafter commenced this action for breach of contract. Following joinder of issue, defendant moved for summary judgment dismissing the complaint and Supreme Court granted the motion. This appeal by plaintiff followed.

There must be a reversal. Initially, we are of the view that Partnership Law § 69 (2) (b) authorizes Arvay to continue the dissolved partnership and consummate the purchase of the property. The statute provides that where, as here, dissolution is caused in contravention of the partnership agreement (see, Partnership Law § 62 [2]), the remaining partners may, if they so desire, continue the partnership business in the same name during the agreed-upon term for the partnership (see, Partnership Law § 69 [2] [b]). Inasmuch as the partnership agreement provided for the development of a factory outlet plaza on the property in question and contained no provision regarding the duration of the partnership, Arvay may continue the dissolved partnership for this purpose. Additionally, we are of the view that, at the very least, a question of fact exists as to whether consummation of the sale may be deemed a "transaction[] unfinished at dissolution" within the meaning of Partnership Law § 66 (1) (a).

We are also of the view that a question of fact exists regarding whether, as defendant asserts, the composition of the partnership was fundamentally altered by Lepine's withdrawal. Although defendant asserts that it was relying upon the expertise, resources and financial backing of both Arvay and Lepine to develop the property, plaintiff contends that there was never any question as to, *inter alia,* Arvay's ability to obtain the requisite financing. The parties' conflicting affi-

---

* Later that same day, Lepine filed a certificate of discontinuance of business with the County Clerk.

davits raise a question of fact on this point, thereby precluding summary judgment.

As a final matter, we reject defendant's assertion that court approval was required to complete the sale. Although court approval is required before defendant may sell real property acquired for "the development of port facilities" (Public Authorities Law § 1382 [1]; see, Public Authorities Law § 1376 [6]), the record indicates that the property in question was acquired by defendant for the purpose of developing an industrial park. Inasmuch as defendant is authorized to sell or lease any industrial project, with no requirement of court approval (see, Public Authorities Law § 1383-a), the fact that such approval had been obtained unnecessarily cannot serve as an impediment to completing the sale. The parties' remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the order and judgment is reversed, on the law, with costs, and motion denied.