■ Tracie D. Fleitz, Respondent-Appellant, v Stuart D. Fleitz, Appellant-Respondent. [636 NYS2d 911] —Mercure, J. P. Cross appeals from a judgment of the Supreme Court (Tait, Jr., J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered December 14, 1994 in Madison County, upon a decision of the court.

Plaintiff and defendant were married in 1970 and are the parents of two children (born in 1974 and 1977). In 1990, plaintiff commenced this action seeking, *inter alia*, divorce, maintenance, equitable distribution, custody and child support. A lengthy trial was held and the evidence indicated that plaintiff was 42 years old, defendant was 48 years old and both were in generally good health. Defendant, however, is totally disabled from the practice of dentistry, having lost parts of his left thumb and forefinger in a hunting accident in 1982. Defendant testified that he carried two disability insurance policies. One of these policies pays defendant $2,600 per month for life. The other policy pays defendant $4,000 per month until he reaches the age of 65, at which time payment will be reduced to $2,000 for the rest of defendant's life.

Following trial, by judgment entered August 19, 1992, Supreme Court determined that the marital property should be distributed approximately equally. The court made a distributive award to plaintiff of $34,252 and awarded each of the parties one half of the net proceeds from the sale of the marital residence ($76,500), one half of the value of a Fidelity Investment account ($106,972.08), and other assets so that each party would receive approximately $300,000. Supreme Court also determined that defendant's disability payments were marital property and awarded plaintiff, in the form of a distributive award, one half of all future payments. The court did not award maintenance to plaintiff.

Defendant appealed. This Court held that defendant's disability payments are compensation for his personal injuries and, accordingly, his separate property (200 AD2d 874, *lv dismissed* 84 NY2d 849, 85 NY2d 889). Upon remittal, Supreme Court made revised findings with respect to the distribution of assets and maintenance. The court did away with the division of defendant's disability insurance and, instead, awarded plaintiff maintenance in the amount of $1,000 per month for five years, crediting defendant $9,000 for past overpayments. Supreme Court also awarded plaintiff the entire Fidelity Investment account in the amount of $213,944.16, concluding that plaintiff should receive 62% of the marital property because of the great disparity in the parties' incomes. Defendant appeals and plaintiff cross-appeals.

Initially, we reject defendant's argument that Supreme Court erred by failing to hold a second evidentiary hearing on financial issues before rendering its decision. We note that the parties had a full opportunity to present all relevant evidence at the trial of this matter as demonstrated by the voluminous

record on appeal. Moreover, this Court affirmed Supreme Court's valuation of the marital assets, as well as Supreme Court's refusal to assign credit to defendant for voluntary payments (200 AD2d 874, 876, *supra*). In the absence of "unusual" events, posttrial changes in value are generally irrelevant (*see,* Domestic Relations Law § 236 [B] [4] [b]; *McSparron v McSparron,* 87 NY2d 275, 287-288; *Greenwald v Greenwald,* 164 AD2d 706, 721, *lv denied* 78 NY2d 855) and given the conclusory nature of defendant's claim that the "financial circumstances of the parties had understandably changed", the question as to whether a further evidentiary hearing was required was a matter squarely within the trial court's discretion (*see, McSparron v McSparron, supra,* at 288).

Next, although Supreme Court appeared to consider the appropriate factors (*see,* Domestic Relations Law § 236 [B] [6] [a]), in our view the court abused its discretion in determining both the amount and the duration of maintenance (*see, Weaver v Weaver,* 192 AD2d 777, 778; *Verrilli v Verrilli,* 172 AD2d 990, 993, *lv denied* 78 NY2d 863). We agree with plaintiff that her age (42), her lack of earning capacity, having withdrawn from the workplace to be a wife, mother and homemaker, the foregone educational opportunities occasioned by her withdrawal from school to accompany defendant to California where he sat for the dentistry boards, the previously described tax-free income of defendant and the parties' preseparation standard of living (*see, Hartog v Hartog,* 85 NY2d 36, 50-52; *White v White,* 204 AD2d 825, 828, *lv dismissed* 84 NY2d 977) all militate in favor of an award of permanent maintenance. Keeping in mind the redistribution of the marital assets by Supreme Court and the investment income that can be generated, we conclude that plaintiff should receive maintenance in the amount of $1,500 per month until defendant reaches the age of 65, at which time maintenance should be reduced to $1,000 per month in recognition of the reduction in defendant's disability payments, or until plaintiff's death or remarriage (*see,* Domestic Relations Law § 236 [B] [6] [a] [1]-[5], [7], [8]; *Grenier v Grenier,* 210 AD2d 557; *Martin v Martin,* 200 AD2d 304, 307; *Murphy v Murphy,* 110 AD2d 688, 689).

We also reject defendant's contention that Supreme Court's distribution of the marital assets was inequitable. Even taking into account the maintenance awarded to plaintiff, defendant will continue to collect generous disability payments until death, and there will likely remain a wide discrepancy between the respective incomes of the parties in the future. This consideration, along with the length of the marriage, plaintiff's

contributions to defendant's dental practice and as a parent and homemaker, and the other factors discussed in connection with the maintenance award, support Supreme Court's discretionary determination to divide the marital property approximately 62% to plaintiff and 38% to defendant (*see*, Domestic Relations Law § 236 [B] [5] [d] [1], [2], [5], [8]; *Greenwald v Greenwald*, 164 AD2d 706, 713, *supra*; *Michalek v Michalek*, 114 AD2d 655, *lv denied* 69 NY2d 602; *Rodgers v Rodgers*, 98 AD2d 386, 390-391, *appeal dismissed* 62 NY2d 646).

Finally, plaintiff's argument that the income from defendant's disability policies is marital property has already been rejected (200 AD2d 874, 875, *supra*) (*see*, Domestic Relations Law § 236 [B] [1] [d]) and reconsideration of that issue is barred by the doctrine of law of the case (*see*, *Matter of Dondi v Jones*, 40 NY2d 8, 15; *Martin v City of Cohoes*, 37 NY2d 162, 165; *Holloway v Cha Cha Laundry*, 97 AD2d 385, 386). We have examined the remaining arguments of the parties and find that they are either academic or without merit.

White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by increasing the amount of maintenance to $1,500 per month until defendant reaches the age of 65, and $1,000 per month thereafter, to cease upon plaintiff's death or remarriage, and, as so modified, affirmed.