■ ULSTER HOME CARE, INC., et al., Appellants, v DENNIS C. VACCO, as Attorney General of the State of New York, Respondent. [746 NYS2d 64] —Carpinello, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered August 16, 2001 in Ulster County, which granted defendant's motion to vacate a preliminary injunction.

As a result of an audit and investigation, the Attorney General's Medicaid Fraud Control Unit concluded that plaintiff Ulster Home Care, Inc., the operator of a licensed home care

---

agency enrolled in the Medicaid program, had overcharged Medicaid for personal care services by billing for those services at the rate established using a cost-based methodology, rather than at the rate charged the "general public" as required by 18 NYCRR 505.14 (h) (7) (ii) (a) (1). Faced with the prospect of criminal prosecution for its billing practices, Ulster Home commenced this action for declaratory and injunctive relief arguing, inter alia, that the regulation was unconstitutionally vague. Supreme Court granted Ulster Home's motion for a preliminary injunction thus enjoining the threatened criminal prosecution, as well as enforcement of the regulation and the recoupment of the alleged overpayment during the pendency of this action. Two of Ulster Home's executives were thereafter allowed to intervene as plaintiffs.

After this Court affirmed the order granting the preliminary injunction (255 AD2d 73), plaintiffs moved for summary judgment on the claims for declaratory and permanent injunctive relief. Supreme Court denied the motion and this Court reversed, granted the motion and declared the regulation unconstitutional on its face (268 AD2d 59). Concluding that this Court erred in declaring the regulation unconstitutionally vague without requiring plaintiffs "to show that the regulation was unconstitutional as applied to them," the Court of Appeals reversed and remitted the matter to Supreme Court for further proceedings (96 NY2d 505, 510). Noting that plaintiffs were subject to prosecution not only because they had allegedly violated the public charge regulation but also because they had allegedly committed crimes involving deceit and fraud, the Court of Appeals also concluded that "[o]n this separate basis, it was error to enjoin plaintiffs' criminal prosecutions" (*id.* at 510). Upon remittal, defendant moved to vacate the preliminary injunction. Concluding that the decision of the Court of Appeals had "attacked the basis upon which the injunction was given," Supreme Court granted the motion and vacated the preliminary injunction. Plaintiffs now appeal.

Initially, we note that the parties have proceeded on the theory that the preliminary injunction remained in existence following the Court of Appeals' reversal of this Court's order and, therefore, a motion to vacate pursuant to CPLR 6314 was required. We also note that upon the appeal from this Court's order granting summary judgment to plaintiffs, the Court of Appeals expressly acknowledged that the prior order granting the preliminary injunction "does not necessarily affect the judgment here and thus is not brought up for review" (*id.* at 509 n 2). Because the initial order granting the preliminary injunc-

tion was affirmed by this Court and not reviewed by the Court of Appeals, plaintiffs contend that Supreme Court was precluded by the doctrine of the law of the case from vacating the preliminary injunction.

Although the Court of Appeals has employed language which appears to support plaintiffs' argument (*see, J.A. Preston Corp. v Fabrication Enters.*, 68 NY2d 397, 405), care must be taken not to confuse the law of the case doctrine with the doctrines of issue and claim preclusion. "Whereas the latter concepts are rigid rules of limitation, law of the case is a judicially crafted policy that 'expresses the practice of courts generally to refuse to reopen what has been decided, [and is] not a limit to their power' " (*People v Evans*, 94 NY2d 499, 503, quoting *Messenger v Anderson*, 225 US 436, 444). Accordingly, "law of the case is necessarily 'amorphous' in that it 'directs a court's discretion,' but does not restrict its authority" (*People v Evans, supra* at 503). Thus, the doctrine "does not contemplate that every trial ruling is binding on retrial" (*id.* at 504) and it "may be ignored in extraordinary circumstances" (*Nahl v Nahl*, 177 AD2d 777, 778). In light of these principles, we conclude as a preliminary matter, that if the decision of the Court of Appeals attacked the basis upon which the preliminary injunction was granted, the law of the case doctrine is sufficiently flexible to have permitted Supreme Court to revisit the propriety of the preliminary injunction, particularly in light of the discretion involved in the granting of such interim relief.

However, in vacating the preliminary injunction, Supreme Court focused on the impact of the Court of Appeals' decision on plaintiffs' likelihood of success on the merits, which is generally a relevant factor to be considered in deciding whether to grant a preliminary injunction in the first instance (*see, e.g., Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862). In this case though, Supreme Court initially granted the preliminary injunction without any consideration of Ulster Home's likelihood of success. Rather, the court focused exclusively on the irreparable harm that Ulster Home would suffer without a preliminary injunction. On appeal to this Court from the order granting the preliminary injunction, defendant argued only that Supreme Court lacked jurisdictional authority to enjoin a criminal prosecution and, therefore, this Court concluded that defendant had abandoned any claim regarding the requisite elements for a preliminary injunction (255 AD2d 73, 76 n 1, *supra*). Inasmuch as the likelihood of success on the merits was not a basis considered either by Supreme Court in granting the preliminary judgment or by this Court in affirming

674

Supreme Court's order, we conclude that the Court of Appeals' analysis of the possible merits of plaintiffs' claims did not constitute an attack of the basis upon which the preliminary injunction was granted. The action was not dismissed by the Court of Appeals and the clear irreparable harm to Ulster Home on which Supreme Court based its original decision to grant the preliminary injunction remains unaffected by the Court of Appeals' decision.* Under these circumstances, we conclude that there was no basis for Supreme Court to depart from the prior order, affirmed by this Court, which granted the preliminary injunction.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.

---

* Ulster Home claimed that its business would not survive the withholding of Medicaid for recoupment purposes and/or the suspension from the Medicaid program that would result without a preliminary injunction. To the extent that defendant now challenges the existence of irreparable harm, we note that defendant abandoned the issue on the earlier appeal from the order granting the preliminary injunction (*see,* 255 AD2d 73, 76 n 1, *supra*).