■ FREDERICK J. HOLLIS, Plaintiff, v CHARLEW CONSTRUCTION COMPANY, INC., et al., Defendants and Third-Party Plaintiffs, et al., Defendant. STEVEN BLANCHARD, Individually and Doing Business as STEVE'S CONSTRUCTION, Third-Party Defendant, and RUTHANN JONES, Individually and Doing Business as R. JONES INSURANCE AGENCY, Third-Party Defendant-Appellant, and MIDROX INSURANCE COMPANY, Third-Party Defendant-Respondent. [754 NYS2d 756] —Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered December 31, 2001 in Saratoga County, which denied a motion by third-party defendant Ruthann Jones for summary judgment dismissing the cross claim of third-party defendant Midrox Insurance Company.

In July 1996, third-party defendant Steven Blanchard procured a commercial general liability policy with a $300,000 limit through third-party defendant Ruthann Jones and the R. Jones Insurance Agency (hereinafter collectively referred to as the Jones Agency). As requested by Blanchard, the Jones Agency issued such policy naming defendant Charlew Construction Company, Inc. an additional insured. However, the company which issued the insurance, third-party defendant Midrox Insurance Company, allegedly had a policy which did not accept an additional insured without their prior review.

The Jones Agency issued a certificate of insurance to Blanchard which stated that Charlew Construction was a certificate holder and an additional insured. Blanchard's commercial insurance application, the certificate of insurance and a premium check were then forwarded to Midrox. Midrox received a copy of the policy, but contended that only Blanchard was listed as an insured. It therefore accepted the insurance contract and sent an original to the Jones Agency. That document did not list Charlew Construction as an additional insured and the Jones Agency never noticed the omission.

Plaintiff, an employee of Blanchard, was injured on the construction site on August 7, 1997 and thereafter commenced a personal injury action against Charlew Construction and other defendants. Charlew Construction, among others, brought a third-party action against Blanchard, Midrox and the Jones Agency. Midrox answered and cross-claimed against the Jones Agency for contribution. The third-party plaintiffs moved for summary judgment seeking a declaration that they were insured by Midrox under the policy. Supreme Court entered an order, based upon a stipulated agreement between Midrox and Charlew Construction, that Midrox would provide both coverage and a legal defense to Charlew Construction, but that these arrangements were without prejudice to any rights and claims which may exist between the Jones Agency and Midrox.

The Jones Agency thereafter moved for summary judgment seeking a dismissal of the cross claim by Midrox on the ground that the previous order, as "law of the case," established that it had the authority to issue the certificate of insurance naming Charlew Construction and thus bind Midrox. The Jones Agency further argued that the cross claim was actually a breach of contract and, therefore, a claim of contribution would not be available. Supreme Court denied the motion and the Jones Agency appeals.

We affirm. As the proponent of the motion for summary judgment, the Jones Agency had to establish its entitlement to judgment as a matter of law by demonstrating the absence of any triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Relying on the doctrine of "law of the case," it contended that once a legal determination was made by the prior order, it was binding not only on the parties "but [also] on all other Judges of coordinate jurisdiction" (*State of N.Y. Higher Educ. Serv. Corp. v Starr*, 158 AD2d 771, 772). Although we agree that the doctrine has emerged as a means to promote judicial economy to prevent a court from revisiting an issue that has already been decided, it clearly does not confine a court's authority (*see Ulster Home Care v Vacco*, 296 AD2d 671, 673). Instead, limiting the doctrine to "what has been 'judicially determined' " (*Matter of Abrams*, 134 Misc 2d 841, 847), and not necessarily the reasoning used to reach that result, the underlying order simply reflected a stipulated solution and not the merits of whether the Jones Agency ever acted within its scope as an agent or fiduciary of Midrox. More importantly, it explicitly stated that the settlement did not implicate any rights or claims that may exist between Midrox and the Jones Agency.

The Jones Agency owed a fiduciary duty to Midrox as its agent, which was independent of its contractual relationship (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 551; *Kohl v Green*, 235 AD2d 671, 671, *lv dismissed* 89 NY2d 1025; *Insurance Co. of N. Am. v Whitlock*, 216 App Div 78, 84). Hence, since the Jones Agency was under a duty, as an agent of Midrox, to act only within its authority, we agree that there is a question of fact as to whether the Jones Agency will be "responsible to [Midrox as its] principal for all loss or damage which naturally result[ed] from [its] unauthorized acts" (*Dunn v Commercial Union Ins. Co. of N.Y.*, 27 AD2d 240, 242).

Accordingly, Supreme Court correctly denied the motion for summary judgment.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.