OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and appellant’s motion to vacate the preliminary injunction granted.
Subsequent to our decision and remittal in Ulster Home Care v Vacco (96 NY2d 505 [2001]) (Ulster I), the Attorney General moved pursuant to CPLR 6314 to vacate a June 1998 preliminary injunction enjoining him from criminally prosecuting respondent based on alleged violations of the Medicaid “public charge” provisions (18 NYCRR 505.14 [h] [7] [ii] [a] [1] [i]). Supreme Court vacated the injunction reasoning that, although this Court did not address the preliminary injunction, our decision negated the basis on which it was granted and thus provided grounds for vacatur. The Appellate Division reversed (296 AD2d 671 [2002]). The Court concluded that the preliminary injunction was grounded solely on the potential for irreparable harm from criminal prosecution, and because our holding in Ulster I did not reach that issue it did not question the preliminary injunction.
Appellant claims that the Appellate Division’s refusal to vacate the preliminary injunction on remittitur contravenes a *558 directive of this Court (see Karger, Powers of the New York Court of Appeals § 30, at 202 [3d ed]). We agree.
In granting its June 1998 injunction, Supreme Court stated that it is proper to do so when “there is a danger of irreversible injury as a result of prosecution based on an invalid statute or administrative rule or order” (Ulster Home Care v Vacco, Sup Ct, Ulster County, June 2, 1998, Torraca, J. [emphasis added]). Thus, the irreparable injury identified by the court was the sort that arises from prosecution based upon an invalid law, rule or order. This qualifier, we conclude, illustrates the trial court’s consideration of respondent’s likelihood of success on the merits and its concern over continued criminal prosecution of respondent based on a constitutionally invalid regulation. As Supreme Court correctly concluded on remittitur, although we did not explicitly address the issue, our decision upholding 18 NYCRR 505.14 (h) (7) (ii) (a) (1) (i) as facially valid negated the basis for granting the preliminary injunction.
In sum, the order of the Appellate Division reinstating the preliminary injunction was error as there no longer existed a basis for it.
Chief Judge Kaye and Judges Smith, Ciparick, Read and Altman* concur in memorandum; Judges Rosenblatt and Graffeo taking no part.
Order reversed, etc.

 Designated pursuant to NY Constitution, article VI, § 2.