■ Bette M. Holloway, Respondent, v Brian D. Holloway, Appellant. [762 NYS2d 681] —Cardona, P.J. Appeal from an

order of the Supreme Court (Canfield, J.), entered September 21, 2001 in Rensselaer County, which, inter alia, granted plaintiff's motion to enforce the maintenance provisions of a judgment of divorce.

The parties were divorced by judgment dated October 20, 1997. That judgment incorporated, without merger, a stipulation of the parties which included a provision that defendant pay maintenance in the amount of $200 per week. Based upon defendant's alleged default in 2000, plaintiff moved by order to show cause in February 2001 to, among other things, enforce the maintenance provision. Defendant cross-moved to terminate that obligation. Following a hearing, Supreme Court awarded judgment to plaintiff in the amount of $3,200 for maintenance arrears. Additionally, the court awarded counsel fees and disbursements to plaintiff's attorney totaling $7,601.80.

Defendant argues that he was deprived of an impartial hearing because of undisclosed animosity between Supreme Court and his attorney. That claim is premised upon dicta in the court's decision critical of counsel's conduct in obtaining an adjournment of the date set for a continuation of the hearing. We note that Supreme Court exhibited no bias during the hearing even after the adjournment issue arose. Significantly, plaintiff's evidence established defendant's default in paying maintenance and adequately rebutted defendant's defense that she violated the provision of the parties' stipulation which triggered the cessation of maintenance for her failure "to exercise any access to [the] children for 45 continuous days." Even if we were to assume the existence of the claimed animosity as opposed to an expression of frustration due to the delays in this protracted case, and even if we assume that defendant's counsel was not given an adequate opportunity to explain the circumstances of the requested adjournment, the record fails to demonstrate that the outcome of the hearing was affected in any way by these concerns. Therefore, we find that defendant was not deprived of an impartial hearing.

Next, as noted above, defendant's proof was insufficient to establish plaintiff's failure to exercise access to one or more of the children for a continuous 45-day period. Therefore, Supreme Court correctly determined that defendant's maintenance obligation did not terminate. We find that plaintiff fulfilled the provision of the stipulation which required her to "*exercise* * * * access to her children" (emphasis added) by coming from the Boston area to Rensselaer County on her scheduled weekends to be with any of the parties' children who were available and willing to participate in a visit.

Finally, defendant argues that Supreme Court improperly awarded appellate counsel fees to plaintiff's attorney for the defense of defendant's appeal of Supreme Court's order, entered April 3, 1998, which was affirmed on April 22, 1999 (260 AD2d 898 [1999]). Defendant contends that since the underlying action was no longer pending after this Court's decision, Supreme Court lacked jurisdiction to award appellate counsel fees. Domestic Relations Law § 237 (a) provides that, in certain enumerated actions and proceedings, which includes the divorce action herein, "the court may direct either spouse * * * to pay such sum or sums of money directly to the attorney of the other spouse to enable that spouse to carry on or *defend* the action or proceeding" (emphasis added). As noted by one commentator, the "defense of an appeal is part of the carrying on or defense of the underlying action or proceeding" (Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 237, at 23). An award of appellate counsel fees to enable a spouse to defend an appeal may be made either before (*see Caldwell v Caldwell*, 209 AD2d 1022, 1023 [1994]; *Delgado v Delgado*, 160 AD2d 385, 386 [1990]) or after the appeal has been resolved (*see Matter of Salvati v Salvati*, 242 AD2d 538, 538 [1997], *appeal dismissed* 87 NY2d 954 [1996], *lv denied* 88 NY2d 803 [1996]). Furthermore, such applications are correctly presented to the court of original instance (*see Matter of Urbach v Krouner*, 213 AD2d 833, 836 [1995]). Notably, no time limit for making an application for appellate counsel fees appears in Domestic Relations Law § 237. Here, although there was an unusual delay in the application for appellate counsel fees, which could have justified its denial, we cannot say, under the particular circumstances herein, that Supreme Court abused its discretion by granting it.

We have considered defendant's remaining contentions and find them lacking in merit.

Mercure, Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.