RAPHAEL A. SOLOMON, Appellant, v MYRAH A. SOLOMON, Respondent. [788 NYS2d 699]—

Mugglin, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered January 16, 2004 in Ulster County, which, inter alia, denied plaintiff's motion to direct defendant to provide an accounting of the rental receipts from certain real property.

On a previous appeal of a decision equitably distributing the marital assets of these parties, we affirmed Supreme Court's finding that, by reason of physical and financial contributions made by plaintiff, a fractional interest in real estate at 6B Cruz Bay, Virgin Islands, titled in defendant's name, had been transformed into marital property and was subject to equitable distribution (*Solomon v Solomon*, 307 AD2d 558 [2003], *lv dismissed* 1 NY3d 546 [2003]). We determined the correct percentage ownership titled to defendant to be 48.21%. Because defendant's co-owners did not make financial contributions to the improvements on the property, the parties had been, without objection from the co-owners, retaining 83.07% of the net rents. We specifically rejected plaintiff's claim that the parties owned 83.07% of this property (*id.* at 559). As this asset was awarded to defendant as part of her equitable share, we found some merit to plaintiff's argument that should defendant, in a postdivorce partition action, seek and obtain from her co-owners their pro rata shares of the costs of improvements made by the parties hereto, defendant would recover a sum which, in equity,

should be divided with plaintiff. To avoid this possible eventuality, we directed that if defendant made such a recovery, 45% of the net was to be distributed to plaintiff.

We reject plaintiff's current argument that defendant is collecting excess rent (83.07% minus 48.21% equals 34.86%) which constitutes a recovery within the meaning of our prior decision entitling him to an accounting for and recoupment of 45% of such excess. First, the plain language of the decision does not support this argument, as the word "recovery" cannot be read to refer to anything other than the proceeds from a possible partition action. Moreover, we have already rejected plaintiff's argument that the parties own 83.07% of this parcel and, to the extent that his claim for rent is founded on that premise, it is barred by the doctrine of the law of the case (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *Hollis v Charlew Constr. Co.*, 302 AD2d 700, 701 [2003]; *Fleitz v Fleitz*, 223 AD2d 946, 949 [1996], *lv denied* 88 NY2d 802 [1996]).

Lastly, plaintiff's claim—that excess rent was retained to allow the parties hereto to recover their cost of improvements—terminated with the equitable distribution of this parcel to defendant. As plaintiff no longer has an ownership interest in the parcel, he is not entitled to receive any portion of the rental income.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.