■ St. Lawrence Factory Stores, Respondent-Appellant, v Ogdensburg Bridge and Port Authority, Appellant-Respondent. [810 NYS2d 532]—

Crew III, J. Cross appeals from an order of the Supreme Court (Rogers, J.), entered March 28, 2005 in St. Lawrence County, which, inter alia, partially denied defendant's motion for summary judgment dismissing the complaint.

In February 1990, defendant and plaintiff, a partnership comprised of Frank Arvay and Richard Lepine, entered into a land sale option agreement giving plaintiff the option to buy 12 acres of land to develop a retail factory outlet center. After exercising the option, Arvay and Lepine met at the closing with representatives of defendant. It had been agreed that Arvay was to contribute 85% of the purchase price and Lepine 15%. Lepine, apparently unhappy with the partnership arrangement, wanted to take title with Arvay as tenants in common. When defendant's representatives indicated that they could only convey title to the partnership, Lepine refused to tender 15% of the purchase price and left the closing. Arvay then indicated his willingness to close and offered his personal check for the remaining 15% of the purchase price. Defendant refused the tender and declined to close.

Plaintiff then commenced the instant action for breach of contract. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and we reversed, finding that questions of fact remained regarding whether "consummation of the sale may be deemed a 'transaction[ ] unfinished at dissolution' within the meaning of Partnership Law § 66 (1) (a)," and whether the partnership composition was altered by Lepine's withdrawal (202 AD2d 844, 845-846 [1994]). Following extensive discovery, defendant again moved for summary judgment contending that plaintiff was not entitled to benefit of the

bargain damages, that its lost profit claim was speculative and that Arvay attempted to complete the purchase individually and not on behalf of the partnership. Supreme Court granted the motion as to plaintiff's claim for lost profits but otherwise denied the motion, finding that questions of fact existed regarding defendant's remaining contentions. Plaintiff and defendant have cross-appealed.

Based upon the conflicting deposition testimony concerning Arvay's intention at the time of the closing when he offered to pay Lepine's 15% of the purchase price, we agree with Supreme Court that a material issue of fact exists as to whether Arvay intended to close the transaction on behalf of himself or on behalf of the partnership.

We also agree with Supreme Court's determination that plaintiff's claim for lost profits is speculative. To be sure, there are signed leases in the record regarding businesses that planned to locate at plaintiff's proposed factory outlet. The record also reflects, however, that several stores withdrew from their lease agreements. Additionally, plaintiff has not demonstrated that it would be able to obtain sufficient financing to fill the remaining units in the proposed facility. As the Court of Appeals has instructed, a start-up commercial enterprise faces a stricter standard when seeking damages for lost profits "for the obvious reason that there does not exist a reasonable basis of experience upon which to estimate lost profits with the requisite degree of reasonable certainty" (*Kenford Co. v County of Erie*, 67 NY2d 257, 261 [1986]).

We likewise reject plaintiff's contention that it is entitled to reliance damages for the costs incurred in preparing to develop a factory outlet center. The contract in question does not require plaintiff to engage in any of the preparatory tasks for which it seeks to be compensated. Simply put, this is a contract for the sale of land requiring plaintiff to tender defendant the sale price upon closing. Accordingly, plaintiff's reliance damages would encompass only those ordinarily incurred regarding such a contract, such as a title search, survey and attorney's closing fees (*see Camperlino & Fatti Bldrs. v Dimovich Constr. Corp.*, 198 AD2d 803, 804 [1993], *lv dismissed* 83 NY2d 906 [1994]). We have considered the parties' remaining contentions and find them equally without merit.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.