■ St. Lawrence Factory Stores, Appellant, v Ogdensburg Bridge and Port Authority, Respondent. [854 NYS2d 238]—

**Peters, J.** 

In 1990, plaintiff and defendant entered into a sale option contract giving plaintiff the option to buy a parcel of undeveloped real property in the City of Ogdensburg, St. Lawrence County, for the purpose of constructing a retail factory outlet. When defendant refused to close on the property, plaintiff commenced this action seeking damages based on lost profits, reliance and benefit of the bargain. In 1992, defendant was granted summary judgment by Supreme Court (Duskas, J.), but this Court reversed (202 AD2d 844 [1994]). After a lengthy period of discovery, defendant again moved for summary judgment, which was partially granted by Supreme Court (Rogers, J.). On appeal, this Court affirmed, rejecting plaintiff's claims for lost profits and reliance damages, but finding issues of fact with regard to breach and benefit of the bargain damages (26 AD3d 700, 702 [2006]). After a subsequent bench trial, Supreme Court found that defendant had breached the parties' contract in bad faith, but that plaintiff had failed to demonstrate damages under the benefit of the bargain theory and, thus, awarded no damages. This appeal by plaintiff ensued.

Plaintiff first contends that, based upon a theory of judicial estoppel, Supreme Court erred in not awarding benefit of the bargain damages inasmuch as defendant conceded that the value of the subject property substantially exceeded the purchase price in a previous memorandum of law submitted during this litigation. Defendant correctly contends, however, that as plaintiff raised this issue when this matter was last before us (26 AD3d at 702), plaintiff is foreclosed from making such argument here under the doctrine of law of the case (see *People v Evans*, 94 NY2d 499, 502 [2000]; *Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *Solomon v Solomon*, 14 AD3d 990, 991 [2005]).

Alternatively, plaintiff contends that, notwithstanding defendant's admission, its expert provided the only competent evidence with regard to the market value of the property at the time of breach and, thus, Supreme Court erred in disregarding said opinion. The best indication of the market value of real property, unless explained away as abnormal, is a recent, "arm's

length" transaction (*see W.T. Grant Co. v Srogi*, 52 NY2d 496, 510-511 [1981]; *Matter of Eckerd Corp. v Gilchrist*, 44 AD3d 1239, 1240 [2007]; *Matter of Ulster Bus. Complex v Town of Ulster*, 293 AD2d 936, 939 [2002]). Thus, one looks to recent sales of comparable properties which are " 'sufficiently similar to serve as a guide to the market . . . notwithstanding [their] differences' " (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 189 [1998], quoting *Matter of General Elec. Co. v Town of Salina*, 69 NY2d 730, 732 [1986]).

John Havemeyer, plaintiff's expert appraiser, provided testimony and submitted two appraisals he had performed in May and December 1991. Eschewing the sale price of $293,750 contained in the parties' option contract, Havemeyer appraised the property at approximately $800,000 based on an analysis of selected comparable sales. However, while attempting to value the 12-acre subject parcel as of December 1991, Havemeyer's appraisal used approximately a half dozen comparable sales, none of which occurred after 1987, all of which were two acres or less and most of which were in a different municipality than the subject property. Significantly, during cross-examination, Havemeyer conceded that many of the "comparables" he used were, in fact, not comparable in size or functional utility. Moreover, Havemeyer also admitted that he had not considered several other parcel sales that were executed more recently and for larger acreage, including a land sale for the construction of Gateway Plaza, a retail shopping center within one mile of the subject property, that Havemeyer mentioned in his appraisal by name. Further eroding Havemeyer's credibility at trial were frequent admissions that he could not remember what investigation he engaged in when preparing his appraisals and why he rejected certain seemingly comparable sales. As such, Supreme Court's decision not to credit plaintiff's expert and to rely on the option contract price as the true value of the subject property represented a fair and reasonable interpretation of the evidence and, therefore, we decline to disturb its decision (*see Beckwith v State of New York*, 42 AD3d 828, 829 [2007]; *Butler v New York State Olympic Regional Dev. Auth.*, 307 AD2d 694, 695 [2003]).

Nor did Supreme Court err when it failed to award damages that plaintiff purportedly incurred in reliance upon the option contract and its coordinate obligation to develop a retail factory outlet. Inasmuch as the identical argument was advanced during the course of plaintiff's last appeal, and was specifically rejected by this Court (26 AD3d at 702), it is similarly precluded by the law of the case doctrine (*see People v Evans*, 94 NY2d at

502; *Martin v City of Cohoes*, 37 NY2d at 165; *Solomon v Solomon*, 14 AD3d at 991).

Cardona, P.J., Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.