[918 NE2d 124, 889 NYS2d 534]

Sᴛ. Lᴀᴡʀᴇɴᴄᴇ Fᴀᴄᴛᴏʀʏ Sᴛᴏʀᴇs, Appellant, v Oɢᴅᴇɴsʙᴜʀɢ Bʀɪᴅɢᴇ ᴀɴᴅ Pᴏʀᴛ Aᴜᴛʜᴏʀɪᴛʏ, Respondent.

Argued September 15, 2009; decided October 20, 2009

## POINTS OF COUNSEL

*Anderson & Buran PC*, Burlington, Vermont (*David C. Buran* of counsel), for appellant. I. Plaintiff should have been allowed to prove and recover its reliance damages: plaintiff's expenses were incurred in reliance upon the contract, they are ascertainable, and they arose naturally from defendant's breach in the ordinary course of things. (*Friedland v Myers,* 139 NY 432; *Freund v Washington Sq. Press,* 34 NY2d 379; *Kenford Co. v County of Erie,* 73 NY2d 312.) II. The Supreme Court wrongly considered lost profits and reliance damages together, under the same analysis. (*Kenford Co. v County of Erie,* 108 AD2d 132, 67 NY2d 257, 73 NY2d 312; *Bernstein v Meech,* 130 NY 354; *Freund v Washington Sq. Press,* 34 NY2d 379; *American Harley Corp. v Irvin Indus.,* 27 NY2d 168.) III. The Third Department wrongly held that plaintiff could not recover reliance damages because plaintiff had no contractual obligation to commence development of the property or incur the costs prior to the closing. (*Goodstein Constr. Corp. v City of New York,* 67 NY2d 990; *Friedland v Myers,* 139 NY 432; *Kenford Co. v County of Erie,* 108 AD2d 132, 67 NY2d 257, 73 NY2d 312; *Bernstein v Meech,* 130

NY 354; *Freund v Washington Sq. Press,* 34 NY2d 379; *Clifton Country Rd. Assoc. v Vinciguerra,* 252 AD2d 792; *Camperlino & Fatti Bldrs. v Dimovich Constr. Corp.,* 198 AD2d 803, 83 NY2d 906; *Clifford R. Gray, Inc. v LeChase Constr. Servs.,* 51 AD3d 1169; *Farash v Sykes Datatronics,* 59 NY2d 500.) IV. Defendant wrongly argues that reliance damages are never recoverable from a vendor who breaches a contract for the sale of real property, even where vendor's breach is in bad faith. (*Pumpelly v Phelps,* 40 NY 59; *Mokar Props. Corp. v Hall,* 6 AD2d 536; *Kenford Co. v County of Erie,* 67 NY2d 257; *BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.,* 247 AD2d 565; *Camperlino & Fatti Bldrs. v Dimovich Constr. Corp.,* 198 AD2d 803, 83 NY2d 906.) V. The long-settled law of this state is that pre-closing costs incurred improving property are always recoverable if defendant's breach was in bad faith. (*Walton v Meeks,* 120 NY 79; *Lelekakis v Kamamis,* 41 AD3d 662; *Friedland v Myers,* 139 NY 432.) VI. Reversing the decision of the Third Department is of critical importance to every commercial real property developer/builder throughout New York State. (*Goodstein Constr. Corp. v City of New York,* 67 NY2d 990.) VII. Plaintiff should have been allowed to submit proof of its lost profits; a third party's offer to purchase a one-third interest in the project for $1.5 million would establish a "stable foundation" upon which lost profits could be estimated with reasonable certainty. (*Kenford Co. v County of Erie,* 67 NY2d 257; *Freund v Washington Sq. Press,* 34 NY2d 379; *Tractebel Energy Mktg., Inc. v AEP Power Mktg., Inc.,* 487 F3d 89.) VIII. Plaintiff should have been awarded its benefit of the bargain damages. (*Story Parchment Co. v Paterson Parchment Paper Co.,* 282 US 555; *Wakeman v Wheeler & Wilson Mfg. Co.,* 101 NY 205; *Kenford Co. v County of Erie,* 108 AD2d 132; *Tractebel Energy Mktg., Inc. v AEP Power Mktg., Inc.,* 487 F3d 89; *W.T. Grant Co. v Srogi,* 52 NY2d 496; *Varkonyi v S.A. Empresa De Viacao Airea Rio Grandense [Varig],* 22 NY2d 333; *Randall-Smith v 43rd St. Estates Corp.,* 17 NY2d 99.)

*Harter Secrest & Emery LLP,* Rochester (*A. Paul Britton* of counsel), for respondent. I. The lower court properly dismissed plaintiff's claim for lost profits. (*Kenford Co. v County of Erie,* 67 NY2d 257, 73 NY2d 312; *Greasy Spoon v Jefferson Towers,* 75 NY2d 792; *Ashland Mgt. v Janien,* 82 NY2d 395; *AMCO Intl. v Long Is. R.R. Co.,* 302 AD2d 338; *Zink v Mark Goodson Prods.,* 261 AD2d 105; *Schonfeld v Hilliard,* 218 F3d 164; *Awards.com v Kinko's, Inc.,* 42 AD3d 178; *Route 7 Mobil v Machnick Bldrs.,* 296 AD2d 809; *Goodstein Constr. Corp. v City of New York,* 80

NY2d 366; *Trademark Research Corp. v Maxwell Online, Inc.,* 995 F2d 326.) II. Plaintiff was properly precluded from seeking to recover "reliance damages." (*Northridge v Moore,* 118 NY 419; *Mokar Props. Corp. v Hall,* 6 AD2d 536; *Bulkley v Rouken Glen, Inc.,* 222 App Div 570, 248 NY 647; *Camperlino & Fatti Bldrs. v Dimovich Constr. Corp.,* 198 AD2d 803; *BSL Dev. Corp. v Broad Cove,* 178 AD2d 394; *Lotito v Mazzeo,* 132 AD2d 650; *Bernstein v Meech,* 130 NY 354; *Freund v Washington Sq. Press,* 34 NY2d 379; *Goodstein Constr. Corp. v City of New York,* 67 NY2d 990; *American Harley Corp. v Irvin Indus.,* 27 NY2d 168, 401 US 976.) III. The issue of benefit-of-the-bargain damages has conclusively been determined as a factual matter by the trial court. (*Heary Bros. Lightning Protection Co., Inc. v Intertek Testing Servs., N.A., Inc.,* 4 NY3d 615; *Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482; *1014 Fifth Ave. Realty Corp. v Manhattan Realty Co.,* 67 NY2d 718; *Camperlino & Fatti Bldrs. v Dimovich Constr. Corp.,* 198 AD2d 803.)

## OPINION OF THE COURT

SMITH, J.

In this breach of contract case, we hold that plaintiff is entitled to recover the expenses, if any, that it reasonably incurred in preparing to perform the contract.

Defendant agreed to sell, and plaintiff to buy, approximately 12 acres of land, on which plaintiff intended to build a shopping center. Supreme Court found that defendant breached the contract by failing to close, and defendant does not now challenge that finding.

Plaintiff sought damages in three categories: lost profits (money it claims it would have made if the shopping center had been built); the "benefit of its bargain" (the alleged difference between the agreed-upon price of the property and its market value); and reliance damages (money allegedly spent in preparing for performance including, among other things, efforts to arrange financing and obtain tenants for the shopping center). Supreme Court dismissed the claims for lost profits and reliance damages before trial, and the Appellate Division affirmed (*St. Lawrence Factory Stores v Ogdensburg Bridge & Port Auth.,* 26 AD3d 700 [3d Dept 2006]). Plaintiff's benefit of bargain claim was rejected at trial, and the Appellate Division again affirmed (*St. Lawrence Factory Stores v Ogdensburg Bridge & Port Auth.,* 49 AD3d 1069 [3d Dept 2008]). We granted leave to appeal from the Appellate Division's 2008 order, bringing up for review also its 2006 order (11 NY3d 712 [2009]).

As to the lost profits and benefit of bargain claims, we affirm the rulings below. The lost profits claim was speculative, and the record supports the findings of the lower courts that the market value of the property at the time of the aborted closing did not exceed the contract price.

However, the dismissal before trial of plaintiff's claim for reliance damages was error. The Appellate Division held that, under "a contract for the sale of land requiring plaintiff to tender defendant the sale price upon closing," reliance damages are limited to "only those ordinarily incurred regarding such a contract, such as a title search, survey and attorney's closing fees" (*St. Lawrence Factory Stores v Ogdensburg Bridge & Port Auth.*, 26 AD3d at 702). This is incorrect. In land transactions, as in other contracts, the rule is the one stated in Restatement (Second) of Contracts § 349: as an alternative to expectation-based damages (which would include lost profits and benefit of bargain), a plaintiff may recover "damages based on his reliance interest, including expenditures made in preparation for performance or in performance, less any loss that the party in breach can prove with reasonable certainty the injured party would have suffered had the contract been performed." The principle expressed in the Restatement has long been part of New York law (*Friedland v Myers*, 139 NY 432, 436-437 [1893]; *Bernstein v Meech*, 130 NY 354, 359 [1891]; *see also Freund v Washington Sq. Press*, 34 NY2d 379, 383 [1974] ["reliance losses suffered . . . in making necessary preparations to perform" would be recoverable "if foreseeable and ascertainable"]).

Accordingly, the order of the Appellate Division should be modified to reinstate plaintiff's claim for reliance damages, and as modified affirmed, without costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

Chief Judge Lippman and Judges Ciparick, Graffeo, Read, Pigott and Jones concur.

Order modified, without costs, by remitting to Supreme Court, St. Lawrence County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.