■ CHRISTINE A. O'CONNOR, Respondent-Appellant, v MICHAEL THOMAS O'CONNOR, Appellant-Respondent. [937 NYS2d 355]—

Lahtinen, J.

---

While our authority is as broad as Supreme Court's regarding maintenance (*see Redgrave v Redgrave*, 13 AD3d 1015, 1019 [2004]), we nonetheless generally accord deference to Supreme Court's determination regarding the amount and duration of maintenance " 'as long as the court considers the statutory factors and provides a basis for its conclusion' " (*Keil v Keil*, 85 AD3d 1233, 1238 [2011], quoting *Blay v Blay*, 51 AD3d 1189, 1191-1192 [2008]). "Maintenance is appropriate where, among other things, the marriage is of long duration, the recipient spouse has been out of the work force for a number of years, has sacrificed her or his own career development or has made substantial noneconomic contributions to the household or to the career of the payor. The fact that a wife has the ability to be self-supporting by some standard of living does not mean that she is self-supporting in the context of the marital standard of living" (*Ndulo v Ndulo*, 66 AD3d 1263, 1265 [2009] [citations omitted]; *see Bean v Bean*, 53 AD3d 718, 723 [2008]).

Here, Supreme Court discussed each of the statutory factors.

This was a long-term marriage of 24 years and plaintiff was 50 years old. Although she had a marketing degree and had a job related to her degree early in the marriage, she passed on a promotion because defendant would not move, and later she gave up her position in order to raise the parties' children. She has not worked in marketing since early 1992. At the time of the divorce, she worked as a school aide and her earnings for 2009 and 2010 were about $14,000 and $18,000, respectively. Supreme Court accepted her testimony that she would need considerable educational updating of an unknown duration and cost before being able to return to a marketing position or another professional field. Defendant's 2010 income was about $78,854, but Supreme Court noted that he did not work available overtime which, in the prior four years, resulted in income levels between approximately $95,000 and $117,000. Defendant's child support obligation for the oldest child ended in August 2011 and the remaining obligation ceases in June 2013. In light of Supreme Court's discussion of the pertinent factors, the length of the marriage, career sacrifice by plaintiff, large discrepancy in current earning power and plaintiff's age, we are unpersuaded that the duration of maintenance determined by Supreme Court should be modified.

Defendant argues that it was error to order him to pay counsel fees for the underlying action and the appeal. It is within the discretionary power of Supreme Court to award counsel fees and, in doing so, "a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *see Nelson v Nelson*, 290 AD2d 826, 828 [2002]).[2] Supreme Court discussed the financial position of the parties, including defendant's superior earning capacity, and otherwise adequately explained its reasons for awarding counsel fees. We note that, although plaintiff did not pursue her cross appeal, plaintiff's counsel stated in an affirmation that the cross appeal involved a narrow issue that appellate counsel had indicated did not affect her fee. We find no abuse of discretion by Supreme Court in the award of counsel fees (*see Johnson v Chapin*, 12 NY3d 461, 467 [2009]; *Cohen v Cohen*, 73 AD3d 832, 834 [2010]; *Lewis v Lewis*, 6 AD3d 837, 840 [2004]).

Spain, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the appeal from the order entered January 20, 2011 is

---

2. The current action was commenced prior to the recent amendment to Domestic Relations Law § 237 (a) (*see* L 2010, ch 329, § 1), and the parties do not contend that the amended language applies to this case.

dismissed, without costs. Ordered that the judgment entered April 8, 2011 and the order entered July 11, 2011 are affirmed, without costs.