Curley v Curley (2021 NY Slip Op 03638)





Curley v Curley


2021 NY Slip Op 03638


Decided on June 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 10, 2021

530599
[*1]Philomena Curley, Plaintiff,
v
Charles M. Curley, Appellant.

Calendar Date:April 21, 2021

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Law Offices of S. Francis Williams, Cortland (S. Francis Williams of counsel), for appellant.



Clark, J.
Appeal from an order of the Supreme Court (Guy, J.), entered November 12, 2019 in Cortland County, which, among other things, granted plaintiff's motion for counsel fees and sanctions.
In 2013, after roughly four years of litigation, plaintiff (hereinafter the wife) obtained a judgment of divorce against defendant (hereinafter the husband). Among other things, the judgment of divorce ordered the equitable distribution of the marital residence and certain other property and directed the husband to pay spousal maintenance and counsel fees to the wife. With respect to the parties' personal property, the judgment of divorce provided that the property was to be divided equally between the parties and that, in the event an agreement could not be reached, the parties were to participate in mediation and, if necessary, binding arbitration. The husband appealed (hereinafter referred to as the first appeal), and this Court reversed so much of the judgment as awarded the wife counsel fees, denied the husband equitable distribution of the wife's early retirement benefits and established an improper valuation date for the wife's TIAA-CREF retirement account, and remitted the matter for further proceedings (125 AD3d 1227 [2015]).
While the first appeal was pending, the husband moved — by order to show cause — to restrain the distribution of funds held in escrow from the sale of the marital residence and to prevent the wife from withdrawing any funds from her TIAA-CREF retirement account, contending that the wife fraudulently withdrew funds from that account during the second quarter of 2009. The wife opposed the motion, arguing that it was frivolous, and cross-moved for, among other things, the imposition of sanctions. Supreme Court (Rumsey, J.) denied the husband's motion, finding it to be frivolous, and, as a sanction, granted the wife counsel fees. The husband appealed (hereinafter referred to as the second appeal), and this Court affirmed (140 AD3d 1334 [2016]).
Meanwhile, because the parties were unable to agree upon the division of the marital personal property, the disputed property was placed in storage pending distribution and the parties ultimately proceeded to binding arbitration on the matter. In September 2015, after discovering that the contents of the storage units had been damaged or destroyed, the wife moved for an order awarding the husband ownership of the stored personal property and directing him to pay all costs associated with arbitration and the storage and disposal of that personal property. Supreme Court granted the motion, and the husband appealed (hereinafter referred to as the third appeal). Finding that the sole argument raised by the husband on appeal was unpreserved, this Court affirmed (149 AD3d 1306 [2017]).
In September 2016, after the second appeal had been decided and while the third appeal was pending, the wife moved for an award of counsel fees incurred in defending the second and third appeals. The husband [*2]opposed the motion and cross-moved for an award of counsel fees incurred in prosecuting the appeals. Ultimately, Supreme Court granted the wife's motion, denied the husband's cross motion and determined that a sanction would be imposed upon the husband for bringing his cross motion for counsel fees. The court scheduled a hearing to determine the parties' respective financial circumstances, the amount of counsel fees and costs incurred by the wife in defending the second and third appeals and the amount of sanctions that ought to be imposed upon the husband. Following that hearing, Supreme Court (Guy, J.) awarded the wife $21,450 in counsel fees and disbursements associated with defending the second and third appeals and related motion practice and imposed a $1,500 sanction upon the husband. The husband appeals, and we affirm.
Of the numerous arguments advanced by the husband, the only one that is properly before us is whether Supreme Court abused its discretion in awarding the wife counsel fees. Contrary to the husband's contentions, Supreme Court may, either before or after the appeal is resolved, "award . . . appellate counsel fees to enable a spouse to defend an appeal" (Holloway v Holloway, 307 AD2d 405, 407 [2003]; see Maddaloni v Maddaloni, 163 AD3d 794, 796 [2018]; O'Connor v O'Connor, 91 AD3d 1107, 1109 [2012]; Fields v Fields, 82 AD3d 542, 543 [2011]).[FN1] "[I]n exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; see Rock v Rock, 179 AD3d 1196, 1196-1197 [2020]).
The order appealed from reflects that Supreme Court largely based its award of counsel fees to the wife upon its assessment that the second and third appeals were frivolous and wholly without merit — an assessment that is supported by the record. The order also reflects that Supreme Court properly considered the parties' respective financial circumstances, including the amount of legal services billed in connection with the second and third appeals and related motion practice, and reasonably concluded that the parties' relative net worths supported an award of counsel fees to the wife.[FN2] Further, although the husband does not challenge the amount of counsel fees awarded, the record demonstrates that, in crafting its ultimate award, Supreme Court thoroughly and carefully examined the billing records and testimony received from the wife's attorney. In all, upon review of the record, we discern no abuse of discretion in Supreme Court's determination to award the wife $21,450 in counsel fees and disbursements relating to the second and third appeals and the related motion practice (see Johnson v Chapin, 12 NY3d 461, 467 [2009]; O'Connor v O'Connor, 91 AD3d at 1109; Mica v Mica, 275 AD2d 767, 767 [2000]).
The remainder of the husband's [*3]arguments are not properly before us. With respect to the husband's challenge to the equitable distribution of a certain payment made into the wife's TIAA-CREF retirement account, such issue was not raised on appeal from the appropriate Supreme Court order. Similarly, although the husband argues that a new arbitrator should be appointed as a matter of law, he did not appeal from Supreme Court's order denying his motion to dismiss and replace the arbitrator. The husband's remaining arguments are barred by the doctrine of law of the case, as they attempt to relitigate previously adjudicated issues relating to the first, second and third appeals, all of which the husband had a full and fair opportunity to contest (see St. Lawrence Factory Stores v Ogdensburg Bridge & Port Auth., 49 AD3d 1069, 1070 [2008], affd 13 NY3d 204 [2009]; Fleitz v Fleitz, 223 AD2d 946, 949 [1996], lv denied 88 NY2d 802 [1996]). Accordingly, as there is no basis upon which to disturb the order appealed from, we affirm.
Lynch, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The husband failed to preserve his argument that Supreme Court lacked jurisdiction to award the wife appellate counsel fees (see e.g. Severing v Severing, 97 AD3d 956, 957 [2012]) and, in any event, such argument has previously been rejected by this Court (see Holloway v Holloway, 307 AD2d at 407).

Footnote 2: The husband argues that the wife failed to rebut his claim that he was the less-monied spouse under the statutory presumption set forth in Domestic Relations Law § 237 (b) and that Supreme Court failed to acknowledge that statutory rebuttable presumption. However, the rebuttable presumption that counsel fees shall be awarded to the less-monied spouse was added to Domestic Relations Law § 237 in 2010, with an effective date of October 12, 2010. Thus, because the matrimonial action was commenced prior to the amendment's effective date, the rebuttable presumption is not applicable in this action (see Seale v Seale, 154 AD3d 1190, 1197 n 3 [2017]).